Burgess, J.
This is an original proceeding begun in this court, at the relation of the attorney general, for the purpose of having the respondent, a member of this bar and officer of this court, suspended from the practice of the law in this state, and his name stricken from the roll .of attorneys because of alleged deceit, malpractice and professional misconduct, as such attorney and officer. The charges and specifications are as follows:
“That heretofore, to wit, at the August adjourned term (October, 1891), of the circuit court of Grundy county, Missouri, one Joseph A. Howell was tried and convicted of murder in the first degree; that said A. W. Mullins was then and is now engaged in the practice of law in this state, and as such appeared in said circuit court of Grundy county in behalf of said Joseph A. Howell; that an appeal from the judgment of the trial court was applied for by said Joseph A. Howell and granted to the supreme court of this state; that upon the trial of said cause the following named witnesses,. Jas. Hall, R. N. Yorce, D. O. Orr and James-O; Moore, whose testimony was competent and mate *236 rial, testified upon said trial in behalf of the state and Joseph A. Howell, the defendant, testified in his own behalf; that the said James Hall and R. N. Yorce testified that they identified the body of the child Nettie Hall, charged in the indictment to have been murdered by the defendant, Joseph A. Howell; that D. C. Orr and James C. Moore testified 'that the defendant, Joseph A. Howell, in conversation had with him while confined with him in jail at Linneus, Missouri, admitted or confessed his guilt of the murder of said Nettie Hall,, with which he was charged.
“That the defendant, Joseph A. Howell, in his testimony, made frequent mention of, and reference to, the deceased, Nettie Hall; that said Howell was not cross-examined by the counsel for the state about matters to which he had not testified in chief; that stenographic notes of the testimony of each of said witnesses were taken during said trial, and by the court stenographer correctly transcribed and incorporated into duplicate copies of the transcript of the evidence taken in said cause; that said transcripts, when incorporated into the bill of exceptions in said cause filed in the office of the clerk of the circuit court of said Grundy county, and the copy of the same forwarded by said clerk to the clerk of the supreme court, were changed, mutilated, spoliated and interpolated so as to remove all evidence of the corpus delicti from the testimony of said James Hall and R. N. Vorce; and all evidence from the testimony of said D. C. Orr and James O. Moore as to the confession made by the defendant, Joseph A. Howell, to them; and all evidence from the testimony of the defendant, Joseph A. Howell, naming, mentioning or referring to the deceased Nettie Hall, and falsely interpolating in said testimony and cross-examination of the defendant by the counsel for the state matters not testified to in defendant’s examination in chief; that said *237 A. W. Mullins, well knowing that the witnesses named had testified as before stated, and that the transcript of their testimony in the bill of exceptions had been changed, falsified, spoliated and interpolated as aforesaid, falsely, fraudulently, and for the purpose of deceiving the supreme court, and thereby securing a reversal of the judgment in this cause, prepared and caused to be filed in the office of the clerk of the supreme court an abstract of the evidence, brief and argument, in which the testimony of the witnesses before named was changed, mutilated, spoliated and interpolated as above particularly set forth.
“That said A. W. Mullins, after having caused said false abstract of the evidence, brief and argument in said cause to be filed in the office of the supreme court, appeared before said court at the April term, 1893, and in an oral argument made in the case of the said Josef h A. Howell, for the purpose of misleading and deceiving said supreme court, and thereby securing a reversal of the judgment of the trial court, contended and insisted that the printed copies of the evidence, the brief and the argument filed by him in said cause truly and correctly presented the facts in said case, and that no evidence had been adduced upon said trial proving or tending to prove the corpus delicti, and that the defendant had been improperly cross-examined, when in truth and in fact the corpus delicti had been proved and defendant had not been improperly cross-examined.”
The evidence shows that respondent must have known at the time of the trial and conviction of Joseph A. Howell, at the August adjourned term, 1891, of the circuit court of Grrundy county, for killing and murdering Nettie Hall, and the argument by him before the jury, and of the motion for new trial after conviction, that the corpus delicti had been proven, but it does not show that he had anything to do with the preparation *238 of the bill of exceptions, preparatory to bringing the case before this court.
He resided some thirty miles distant from Trenton, where the trial was had; and not until the stenographer had made two typewritten copies of her notes of the evidence, had sent them to Messrs. Harber & Knight, and one copy was sent by them to him at Linneus on or about the twentieth of April, 1892, for his examination, did he have an opportunity of examining the same, and then not thoroughly .because of sickness. He returned the copy sent to him to Harber & Knight about the twentieth of April, 1892. The bill of exceptions was prepared by Knight, and the abstract, statement and printed argument for this court by Messrs. Harber & Knight. The only evidence which tended to show that respondent knew that the bill of exceptions, which had been prepared and signed by Judge Goodman, before whom the case was tried, did not contain a correct report of the evidence at the trial, until his arrival here for the purpose of arguing it before this court, was at the May term, 1892, of the circuit court of Sullivan county, when Harber stated to him that Knight had said “that they would never be able to show the death of Nettie Hall from the bill of exceptions.” Of this he was again assured by Harber in this city, before making his argument before this court, in which he contended that the record failed to show the corpus delicti.
While an attorney at law is an officer of the court in which he practices his profession, he is not the holder of an office of public trust, and such court has an inherent power and control over him, and may for good cause — that is, for professional misconduct— suspend him from the practice or strike his name from the roll of attorneys, in the absence of statutory enact *239 ment prohibiting it from doing so, or prescribing the mode in which such proceedings shall be conducted.
Thus it has been held that a court having power by express statute to license attorneys at law, has the inherent power to disbar them. People ex rel. v. Goodrich, 79 Ill. 148.
And the misconduct need not be such as would subject the offender to an indictment. It is necessary that courts be endowed with the inherent right to exercise such powers, in order to maintain their dignity and respect, and enforce observance of all reasonable rules and regulations, that the profession may retain its elevated plane, and its members continue to command the confidence and respect of courts, as well as litigants.
But in order to authorize the court to strike the name of an attorney from the rolls, the charge against him must be with respect of some professional misconduct, and not with respect of acts not connected with his duties as such. Ex parte Steinman, 95 Pa. St. 220. The offense, however, need not be such as to subject him to indictment but its character must be such as shows him unfit to be intrusted with the powers of the profession. Baker v. Commonwealth, 10 Bush (Ky.), 592.
Proceedings to disbar an attorney for professional misconduct may be instituted by any attorney having personal knowledge thereof, and it seems that it is not only his right, but that it is his duty, as an officer of the court, to do so.
Fairfield County Bar ex rel. v. Taylor, 13 L. R. A. 767, was a proceeding by certain attorneys describing themselves to be a committee of the bar of the county, for the disbarment of the defendant, and it was held that, “it was the duty of the attorneys, if they knew of unprofessional conduct by the appellant or any other *240 attorney, to bring it to tbe attention of tbe court. An appointment by the bar to do that which it was their duty to do without any appointment could give them no added authority. Nor was any such appointment necessary to give the court jurisdiction. The court might summon the appellant to a hearing upon any information it had that it deemed worthy of credit, whether it came from lawyers or laymen. The manner in which the proceeding should be conducted, so that it be without oppression or injustice was for the court itself.”
It also seems that such proceeding may be had by an officer of the court, and by the attorney general, as in the case at bar. Baker v. Commonwealth, supra; Peyton’s Appeal, 12 Kan. 398; People ex rel. v. Beattie, 137 Ill. 553.
As our statute makes no provision with respect to the person or persons by whom such proceeding may be instituted, it follows from what has been said that this proceeding was properly begun at the relation of the attorney general, and it makes no difference whether it be treated as a proceeding under, or dehors, the statute, as there is no apparent difference as to the manner of proceeding in cases of this character, that is, in proceeding to disbar for unprofessional conduct, not criminal in its character.
There is no pretense that respondent was guilty of any criminal offense, but it is contended by relator that it is provided by section 611, Revised Statutes, 1889, among other things, that if an attorney be guilty of “deceit,” in his professional capacity, he may be removed or suspended from practice, and that respondent was guilty of deceit in causing a false abstract of the evidence, brief and argument in said cause to be filed in the Rowell case in this court, and in an oral argument thereafter made, in which he contended and *241 insisted that the printed copies of the evidence, the brief and the argument filed by him in said cause truly and correctly presented the facts in said case, that no evidence had been adduced upon said trial proving the corpus delicti, or that the defendant had been improperly cross-examined, when in truth and in fact the corpus delicti had been proved and defendant had not been improperly cross-examined.
That an attorney may be disbarred for unprofessional conduct, in knowingly and intentionally, attempting to deceive the court with respect to matters pending before it may be conceded, but he can not be disbarred upon a charge of deceiving the court with respect to matters not before it, and which he does not claim or contend are shown by the record. Respondents’ contention was that the corpus delicti was not shown by the record, by which alone it could be demonstrated, and which contention was literally true. If true, then it is impossible that he could have been guilty of deceit.
It is an elementary and well established principle in modern jurisprudence, that, in the argument of cases before courts and juries, and in the appellate courts, lawyers are bound in the one instance to confine their arguments to the facts in proof, and in the other as they are preserved and appear of record. To hold otherwise would result in confusion and the overthrow of those established principles of practice which have been found absolutely essential to a well ordered judiciary. Respondent would not have been permitted in oral argument before this court to discuss matters not shown by the record whatever they may have been, and it matters not that they were not in accord with the facts as disclosed thereby.
The contention, therefore, of the relator that respondent was bound to argue the case of Howell upon *242 the facts, regardless of whether those facts were preserved as part of the record or not, is wholly untenable.
He is not charged with unprofessional conduct in obtaining the bill of exceptions in the Howell case, through fraud or deceit practiced upon opposing counsel and the trial court, or with its alteration or spoliation after the bill had been signed, nor is there any evidence before this court tending to show that he had any connection therewith. The evidence to sustain the charge against him is, we think, wholly wanting.
But even if there were any doubt in regard to the matter, when the high private character of respondent as well also as his long professional career, upon which there has never been a blot or stain are taken into consideration such doubt should at once be resolved in his favor, and he stand acquitted of the charges. The respondent is discharged.
Robinson, J., concurs, Macearlane, J., concurs in the conclusion reached, but expresses his views in a separate opinion. Barclay, J., concurs in the result. Gantt and Sherwood, JJ., and Brace, C. J., dissent.