Wilson v. Popham.

CASE 62—RULE—MARCH 12.

## Wilson v. Popham.

<div style="float:right">91   327<br>f129   653</div>

APPEAL FROM HARDIN CIRCUIT COURT.

1. FAILURE OF ATTORNEY TO PAY OVER MONEY COLLECTED FOR CLIENT —SUSPENSION FROM PRACTICE.—In a proceeding under section 10 of article 1, chapter 5, of the General Statutes, to suspend an attorney from practice because of his failure to pay over money he has collected for his client, the affidavit for a rule must state that the payment of the money has been demanded of the attorney in the county of his residence, and must also show when it. was collected and in what county.

2. SAME.—The court should have acted upon a demurrer to the original affidavit before allowing an amended affidavit to be filed; but the failure to do so is not a reversible error, as the costs to which the defendant would have been entitled by his demurrer being sustained would have been inconsiderable.

3. SAME.—A rule which merely requires the attorney to show cause for the non-payment of the money is sufficiently comprehensive to authorize the court to suspend him from practice as provided by the statute. When the fact that he has collected the money, and has failed, without cause, to pay it over, is admitted or is established by proof, a judgment suspending him from practice necessarily follows.

4. SAME.—It is not necessary or proper that such a proceeding under the statute should be in the name of the Commonwealth. The client for whom the money was collected is the proper party to the proceeding.

5. SAME—JUDGMENT.—Although the statute provides that the court may suspend the attorney from practice in "any" court for twelve months, a judgment suspending him from practice in "all" courts of the State for that time is proper, that being the meaning of the statute.

H. T. WILSON FOR APPELLANT.

1. The proceeding should have been in the name of the Commonwealth of Kentucky. (Rice v. Commonwealth, 18 B. M., 483; Turner v. Commonwealth, 2 Met., 621; Walker v. Commonwealth, 8 Bush, 87.)

2. The rule is defective, in that it merely calls on appellant to show cause why he should not pay appellee certain money, and gives no notice that he is to be disbarred from the practice upon his failure to pay the money.

3. It was error to allow the county attorney to file an amended affidavit pending appellant's demurrer.

4. It was error to suspend appellant from practice in any of the *courts* of this Commonwealth. The statute provides for suspension from practice in any *court* of this Commonwealth.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

Article 1, of chapter 5, of the General Statutes, provides:

"§ 10. If any attorney-at-law shall collect the money of his client, and on demand wrongfully neglect or refuse to pay over the same, the circuit court of the county in which the money may be collected may, after notifying the attorney to show cause against the same, suspend him from practice in any court for twelve months, and until the money shall be paid.

"§ 11. Before any such motion shall be entertained, a demand of the money shall be made of such attorney in the county of his residence, and no such proceeding shall take place unless it is commenced within two years next after the collection of the money."

Under this statute, the appellee, Popham, as plaintiff, obtained, upon his affidavit, a rule against the appellant, H. T. Wilson, to show cause, if any he had, why he should not pay over to him by a certain day a certain sum, which he had collected as his attorney.

The appellant demanded, and also moved, to quash the rule; but before any disposition thereof, the appellee moved to file an amended affidavit, and, this being allowed, the court thereupon overruled both the demurrer and the motion of the appellant to quash the rule.

The original affidavit was manifestly defective. It failed to state that the payment of the money had been demanded of the attorney in the county of his

residence, and did not show when it was collected, or in what county.

Complaint is made because the court permitted the amended affidavit to be filed before it disposed of the demurrer and the motion to quash the rule. Appellant says he came first to the hopper with his grain, and was, therefore, entitled to the first grist. As the record is made out, the motion to file the amended affidavit was made before the filing of the demurrer, or the motion to quash the rule; but as this may be a clerical error, it is not improper to say that even if the court ought first to have acted upon the demurrer, and sustained it, yet its failure to do so is not a reversible error. The costs to which the appellant would have been entitled by his demurrer being sustained would have been inconsiderable, and the defects of the original affidavit were remedied by the amended one.

It is urged, however, that the motion to quash the rule should have been sustained, first, because the rule is not comprehensive enough, and does not support the judgment which suspends the appellant from practice in all the courts of the State for twelve months, and until he shall pay over the money he has collected; and second, because the proceeding should have been in the name of the Commonwealth. The rule was only to show cause, if any existed, why the money should not be paid; but in the absence of a denial by the appellant of the statements of the appellee's affidavit, and upon the confession of the appellant by his failure to plead that he had not only collected the money, but had failed, without

cause, to pay it over, it was the duty of the court, by way of judgment, to enter the order suspending him from practice.

The rule was sufficient in merely requiring him to show cause for the non-payment of the money. This was the material matter. If good cause were not shown, then the suspension from practice, by way of judgment, flowed from it as the sentence does in a criminal cause, when the accused has been found to have committed the act, and the penalty is fixed by law.

The appellant, being an attorney, was an officer of the court. As it could admit him to practice, if qualified and of proper character, so it necessarily possesses the inherent power, to be exercised, however, in accordance with the law of the land, to disbar or suspend him from practice for misconduct as an attorney. The character which he must possess at the outset must be retained. This is necessary to insure public respect for the courts, and the honest and proper transaction of their business.

This is not a proceeding, however, by virtue of this inherent court power, or perhaps, more properly speaking, a power arising from the common law, but one under the statute. In the former case it is quite proper that it should be in the name of the Commonwealth. There may be no complaint to the court of the misconduct. It may occur in its presence. The Commonwealth must necessarily, in such case, be the adverse or prosecuting party. There can be no other. We, therefore, find that in the cases of Rice v. Commonwealth, 18 B. M., 472 ; Turner v. Commonwealth,

2 Met., 619, and Baker v. Commonwealth, 10 Bush, 592, and other cases, the proceeding was in the name of the Commonwealth. It was not based upon any statute. It was for such alleged misconduct as, if true, the court in the exercise of the inherent power necessary to its own proper existence, but which must not conflict with the law of the land, had the right to punish by the suspension of the offender from practice, as, for instance, if he has improperly changed a writing offered in evidence, as was the fact in the Rice case.

In all such cases, although the charge may, in some instances, be preferred by private individuals, yet the proceeding should be in the name of the Commonwealth, as was held in the Turner case. There may be no individual immediately interested in it. It may only affect the public generally, as, for instance, an act which tends to impair that public respect for the court which is necessary to the proper administration of justice.

This proceeding is, however, under a statute which relates to but one act of an attorney. It embraces a single act of misconduct, and that is one where there is always a person immediately and directly interested. It is true the public are incidentally interested, and, therefore, the Legislature, upon the idea likely that otherwise it may not be properly prosecuted, has provided that the attorney for the Commonwealth shall attend to the proceeding.

The statute does not say in whose name it shall be carried on, and in view of the fact that there is always a person directly interested in the proceeding,

it seems to us it should be prosecuted in his or her name. Under the statute, this person must take the preliminary steps necessary to its institution. He only can demand payment of the money, and as he is immediately interested, and knows whether there is ground for the proceeding, he should, in case it be unfounded, be responsible for the costs to the attorney. He is, therefore, the proper party to the proceeding, because, if he can, without proper ground, act in the name of the Commonwealth, then there can be no judgment for costs to the attorney, and he is remediless, although another was immediately interested and directly instrumental in putting the proceeding upon foot. The motion to quash the proceeding was, therefore, properly overruled.

It is contended that the judgment is too sweeping; that it covers too much territory by suspending the appellant from practice in *all* the courts of the State for twelve months, and until the money shall be paid. It is urged that the statute, by providing that the court may suspend the attorney from practice "in *any* court," means a single court of the State; that otherwise it would have said "all courts." The latter, however, is what it means, and is what it substantially says in our opinion. If this were not the intention and its proper construction, it would avail but little. The duty of enforcing this statute is a delicate one; so much so that it is perhaps not done in some proper cases; and while it should be discreetly exercised, because it involves the professional existence of the attorney, yet, as has been said, not only individual interest, but that of the public, demand a fearless exercise of the power whenever a proper case is presented.

The judgment is affirmed.