CASE 74.—PROCEEDINGS BY THE COMMONWEALTH FOR DISBARMENT OF C. C. ROE, A PRACTICING ATTORNEY.—October 8.

# Commonwealth v. Roe

Appeal from Jefferson Circuit Court (C. P. Branch, Third Division).

MATT O'DOHERTY, Judge.

From a judgment of dismissal, the Commonwealth appeals.—Reversed.

1. Attorney and Client — Disbarment — Proceedings—Statutes.— Ky. St. 1903, section 1903, providing that any attorney wrongfully refusing to pay over money collected for his client may be suspended from practice by the circuit court for a specified time, and until the money shall be paid, affords the client a speedy remedy, but does not prevent proceedings in the name of the Commonwealth for the disbarment of the attorney.

2. Same.—Ky. St. 1903, section 97, providing that no person convicted of treason or felony shall be permitted to practice as an attorney, while it points out two causes that peremptorily warrant disbarment, does not limit the right to disbar for the cause mentioned.

3. Same—Power of Courts.—Courts, independent of statute, may, on the motion of the Commonwealth by its attorney, after due notice to accused and fair opportunity for hearing, disbar an attorney guilty of such personal or professional conduct as proves him to be unworthy to have his name on the rolls.

4. Same.—The power inherent in courts to disbar attorneys for cause should be exercised with moderation and judgment.

5. Same—Professional Misconduct.—An attorney who intentionally and wrongfully withholds after demand money collected for his client is guilty of misconduct warranting his disbarment.

Commonwealth v. Roe.

ALEX. P. HUMPHREY, JR., W. O. HARRIS, SCOTT BULLITT, J. M. HUFFAKER, Commonwealth's Atty., JAS. BREATHITT, Atty. Genl., and TOM B. McGREGOR, Asst. Atty. Genl. for appellant.

## POINTS AND AUTHORITIES.

1. An information supported by affidavits and a motion for a rule against the defendant to show cause why he should not be disbarred is the proper way to proceed in disbarment proceedings for acts which do not occur in the presence of the court. (4 Cyc., 915; Randall v. Bingham, 7 Wall., 523; Barr Ass'n City of Boston v. Greenhood, (Mass.), 46 N. E., 568; Walker v. Commonwealth, 8 Bush, 86; Turner v. Commonwealth, 2 Met., 619.)

2. Information properly brought in name of Commonwealth. (Wilson v. Popham, 91 Ky., 327; Commonwealth v. Richie, 24 Ky. Law Rep., 218.) As Ky. Statutes, section 104 gives no new right the remedy there prescribed is not exclusive. (Richardson v. People's Life & Accident Insurance Co., 28 Ky. Law Rep., 919; 92 S. W., 284.)

3. It has always been one of the inherent powers of the courts in Kentucky to disbar an attorney. (Wilson v. Commonwealth, —— Ky., ——; 33 Ky. Law Rep., 143.)

4. The information alleges facts sufficient to show defendant should no longer be allowed to practice as an attorney. (Baker v. Commonwealth, 10 Bush, 592; Tudor v. Commonwealth, 27 Law Rep., 87, 84 S. W., 522).

AUSTIN & WALSH for appellee.

CARUTH, CHATTERSON & BLITZ and WALSH & WALSH of counsel.

## POINTS AND AUTHORITIES.

1. An information must be supported in every particular by affidavit. (Walker v. Commonwealth, 18 Bush, 86; Rice v. Commonwealth, 18 B. Mon., 472.)

2. The information is filed in the name of the wrong party. (Wilson v. Popham, 91 Ky., 327).

3. The information is fatally defective in not charging that the money was demanded of the attorney in the county of his residence and in not stating in what county the money was collected. (Wilson v. Popham, 91 Ky., 327.)

4. As the affidavit must support the information in every particular, it is defective for the same reason. See same case.

5. Where a statute prescribes causes for which an attorney may be disbarred, the court cannot disbar him for any cause not specified in statute. (Ex. P. Smith, 28 Ind., 47; Redmond v. State, 28 Ind., 207; In Re Eaton, 62 N. W. R., (N. Dak.), 597).

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The purpose of this proceeding was to disbar the appellee, a practicing attorney at law in the city of Louisville. The information filed against him by the Commonwealth's attorney of the district, in the name of the Commonwealth, was as follows: "Commonwealth of Kentucky v. C. C. Roe. Joseph M. Huffaker, Commonwealth's attorney of the Thirteenth judicial district of the Commonwealth of Kentucky, who, in the name of and by the authority of the Commonwealth of Kentucky, prosecutes in its behalf, in his own person comes into the Jefferson circuit court, common pleas, first division, and tenders the affidavits of Charles L. Gray and Charles Peebles, and makes the same a part of this information, and informs the court that C. C. Roe, of the county of Jefferson and Commonwealth of Kentucky, a member of the bar of said court, while a member of said bar and in his capacity as a practicing attorney at law, within the jurisdiction of said court, committed the following acts of unprofessional misconduct and was guilty of the following immoral and illegal practices, to-wit: (Then follows in detail the charge that Roe collected for one Gray the sum of $150, one-half of which he was entitled to retain as a fee; that, although payment was frequently demanded, he failed and refused to pay to Gray the amount to which he was entitled.) Wherefore, the said Common-

wealth's attorney charges that, by the commission of the acts aforesaid, the said C. C. Roe has shown himself to be a person devoid of honesty, probity, and good demeanor, and is totally unfit to be an attorney at law and a member of the bar of said court.'' In another paragraph, containing the same technical averments, it was charged that as the attorney for one Mary Glover he collected $250, and failed to pay any part thereof until long after the same was due, although payment was frequently demanded. Upon the filing of this information, accompanied by affidavits made by the persons for whom the money was collected, a rule was issued against Roe to show cause why his authority as an attorney to practice and be an officer of the court should not be revoked.

Upon hearing the proceedings, the court dismissed it upon the face of the papers, upon the ground that it should have been instituted and prosecuted in the name of the persons for whom it was charged Roe had collected the money, and not in the name of the Commonwealth. In reaching this conclusion the lower court followed the opinion of this court in Wilson v. Popham, 91 Ky. 327, 15 S. W. 859. In that case there was a motion in the name of Popham against H. T. Wilson, an attorney, to show cause, if any he had, why he should not pay over to him by a certain day money he had collected as his attorney. The proceeding was instituted under section 104 of the Kentucky Statutes of 1903, reading as follows: ''If any attorney at law shall collect the money of his client, and, on demand, wrongfully neglect or refuse to pay over the same, the circuit court of the county in which the money may be collected shall, after notifying the attorney to show cause against the same, suspend him from practicing in any court for twelve months, and until the money

shall be paid. Before any such motion shall be enter-
tained, a demand of the money shall be made of such
attorney in the county of his residence, and no such
proceeding shall take place unless it is commenced
within two years next after the collection of the
money." Wilson moved the court to quash the rule,
because the proceeding against him should have been
in the name of the Commonwealth in place of Popham.
In answer to this objection, the court said: "This pro-
ceeding is, however, under a statute which relates to
but one act of an attorney. It embraces a single act
of misconduct, and that is one where there is always
a person immediately and directly interested. It is
true the public are incidentally interested, and, there-
fore, the Legislature, upon the idea likely that other-
wise it may not be properly prosecuted, has provided
that the attorney for the Commonwealth shall attend
to the proceeding. The statute does not say in whose
name it shall be carried on, and, in view of the fact
that there is always a person directly interested in the
proceeding, it seems to us it should be prosecuted in
his or her name. Under the statute, this person must
take the preliminary steps necessary to its institution.
He only can demand payment of the money, and as he
is immediately interested, and knows whether there is
ground for the proceeding, he should, in case it be
unfounded, be responsible for the costs to the attor-
ney. He is therefore the proper party to the proceed-
ing, because, if he can, without proper ground, act in
the name of the Commonwealth, then there can be no
judgment for costs to the attorney, and he is remedi-
less, although another was immediately interested and
directly instrumental in putting the proceedings upon
foot. The motion to quash the proceeding was there-
fore properly overruled." The radical difference be-

tween the procedure in the Wilson case and in this one is that there the proceeding was instituted by the individual wronged, and it was sought to punish Wilson under and by virtue of the statute, while here the proceeding is not by the injured client or under the statute, but is in the name of the Commonwealth for an offense that shows the attorney unfit to practice his profession. It is true the offense committed by Wilson and Roe was the same, but it does not follow from this that there is only one method by which the offender may be punished, and that the one adopted in the Wilson case. The statute in question only describes one offense for which an attorney may be suspended from practicing law. It does not point out the other causes for which he may be disbarred

As further illustrating the fact that the statute in respect to the causes for which an attorney may be disbarred or the method of procedure is not exclusive, we may call attention to section 97 of the Kentucky Stat utes of 1903, providing that: "No person convicted of treason or felony shall be permitted to practice in any court as counsel or attorney at law." But this does not mean that only those who have been convicted of felony or treason may be disbarred. It would be doing a serious injustice to the intelligence of the lawmaking department of the State to hold that such was their intention, or to conclude that, by the enactment of this statute, they meant to declare that, however flagrant the misconduct of an attorney, if it was less than a felony, the courts were powerless to protect themselves, the profession, and the public. The statute points out two of the causes that peremptorily warrant disbarment proceedings, but it does not, and was not designed to, limit the right to the causes mentioned. An attorney may be guilty of many offenses,

evidencing a want of honesty, probity, and good moral character, that would authorize the court to disbar him independent of the statute.  When the client for whom an attorney has collected money and failed upon demand to pay it over desires to proceed against the attorney, the statute directs the method of procedure; and, as held in the Wilson case, it is exclusive, and must be followed.  It would seem that the purpose of this statute was to afford the client a speedy and effectual remedy for the collection of his money wrongfully withheld, and that it was intended more for the benefit of the client than to purify and elevate the profession by removing from its ranks one who had shown himself unworthy to be a member of it.  But, when an attorney collects the money of his client and fails upon demand to pay it over, he commits an offense greater and broader than a mere injury to his client, and may be proceeded against in the name of the Commonwealth for the security of the public, the protection of the courts, and the benefit of the profession.  It is certainly a breach of integrity and a manifestation of a lack of probity in an attorney to wrongfully withhold the money of his client.  For this offense, although it evinces the unfitness of the attorney to be a member of the legal profession, his client might not desire to proceed against him, and therefore, if the ruling of the lower court was correct, the attorney could not be punished for his delinquency.  Thus we would have the anomalous state of affairs presented that a practicing attorney who was guilty of conduct that brought censure and reproach upon the profession and the courts could not be punished because the particular individual whom he had wronged did not wish to institute proceedings against him.  This construction is too

narrow. It takes from the court the right to discipline its officers, and denies it the power to take such action as may be necessary to punish an offender who is bringing the administration of justice into disrepute. The failure to pay over money collected in a professional capacity is perhaps more frequently committed by attorneys than any other acts of misconduct, yet, if the argument of counsel for appellee was sound, the court would be powerless to correct it, unless the consent of the client could be obtained. When an attorney collects the money of his client and fails to pay it over, he may be proceeded against by the client under the statute and in the manner therein provided; and he may also be proceeded against by the Commonwealth for the commission of an offense involving a lack of honesty, as well as probity and good character. The statute provides that a person who desires to obtain license to practice law in this Commonwealth must first procure from the county judge of the county of his residence a certificate that he is a person of honesty, probity and good moral character, and, to enable him to continue in the practice of his chosen profession, it is essential that he should maintain these attributes. It is not enough that he possesses them when he enters the profession. Indeed, it is more important that they be preserved throughout his professional career than that he have them in its beginning, although we would not underestimate their importance at any time. Courts independent of statutes have at all times possessed the inherent right to control and regulate the official conduct of their officers, and to inflict upon them punishment for official misconduct. Attorneys at law are officers of the court, and it has always been the rule in this State that, when the attention of the court in

which they practice was called to acts of professional
misconduct, it had the right to disbar them if the facts
of the case justified the infliction of this punishment.
Thus, in Rice v. Commonwealth, 18 B. Mon. 472, the
court in speaking of the right to disbar an attorney
said: "If a court have knowledge of the existence of
such official misconduct on the part of any of its
officers, it not only has the power, but it is its duty, to
institute an appropriate proceeding against the of-
fender, and to bring him, if guilty, to condign punish-
ment. Attorneys at law are officers of the court. The
official misconduct of an attorney at law may be in-
quired into in a summary manner by the court, and, if
guilty of such misconduct, his name may be stricken
from the roll of attorneys admitted to the practice of
law at the bar of the court." In Baker v. Common-
wealth, 10 Bush, 592, the court said: "When an attor-
ney commits an act, whether in the discharge of his
duties as an attorney or not, showing such a want of
personal or professional honesty as renders him un-
worthy of public confidence, it is not only the province,
but the duty, of the court upon an appropriate and
legitimate presentation of the case to strike his name
from the roll of attorneys. Nor is it necessary, as
contended by counsel for appellant, that the offense
should be of such a nature as would subject him to
an indictment.  *  *  *   The question of the power of
the court to strike the name of an attorney from the
roll in a proceeding like this, for such a cause, has
been recognized and maintained by so many adjudica-
tions that it can not at this time be considered an open
question." To the same effect is Walker v. Common-
wealth, 8 Bush, 86; Commonwealth v. Richie, 114 Ky.
366, 24 Ky. Law Rep. 1077, 70 S. W. 1054;
Underwood v. Commonwealth, 105 S. W. 151, 32 Ky.

Law Rep. 32; Nelson v. Commonwealth, 109 S. W. 337, 33 Ky. Law Rep. 143. In Bradley v. Fisher, 80 U. S. 335, 20 L. Ed. 646, the court said: "The power of removal from the bar is possessed by all courts which have authority to admit attorneys to practice. It is a power which should only be exercised for the most weighty reasons, such as would render the continuance of the attorney in practice incompatible with the proper respect of the court for itself, or a proper regard for the integrity of the profession."

While this right of disbarment for proper cause is universally upheld as a legislative exercise of power inherent in courts, it ought to be, as well expressed by Chief Justice Marshall in ex parte Burr, 9 Wheat. 529, 6 L. Ed. 152, exercised with great moderation and judgment. Nor do we wish to be understood as holding that it is only for professional or official misconduct in the capacity of an attorney that a licensed lawyer may be disbarred. Aside from his professional or official behavior, an attorney may be personally so disreputable a character, or be guilty of such gross misconduct outside of his professional duties and employment as to render him unworthy of public confidence, and incapable of discharging in the proper manner his obligations as an officer of the court; or, to put it in another and perhaps better way, evince by his acts a lack of good moral character, and thus bring upon himself the punishment of disbarment. Our opinion, in harmony with all the cases both in and out of this State, is that independent of any statute the court may upon the motion of the Commonwealth by its attorney, after due notice to the accused, and fair opportunity for hearing, disbar an attorney who has been guilty of such personal or professional conduct as proves him to be unworthy to have his name upon the rolls. As

honesty, probity, and good moral character are neces-
sary qualifications for admission to the bar, and their
existence is essential to the continuance of the rela-
tion, therefore, when an attorney ceases to possess
these traits of character in whatever mode or manner
the want of them is exhibited, he may be removed.
We do not, of course, undertake to prescribe any rule
of conduct that attorneys must follow to avoid com-
mitting acts of disbarment, or to set down the specific
acts of personal or professional misconduct that will
subject him to punishment. Want of honesty, probity,
and good moral character may be manifested in vari-
ous ways, and each case must be adjudged as seems
right upon the facts presented in its investigation.
But, with reference to the particular matter before us,
we have no hesitation in saying that an attorney who
intentionally and wrongfully withholds after demand
money he has collected for his client is guilty of such
misconduct as shows him to be unworthy to be a mem-
ber of the legal profession or an officer of the court,
and authorizes in a proper proceeding his disbarment.

Wherefore the judgment of the lower court is re-
versed, with directions to proceed in conformity with
this opinion.