# In re Wells.

Feb. 9, 1943.

H. Pate Wells in pro per.

OPINION OF THE COURT BY JUDGE REES—Confirming recommendation of Board.

The Kentucky Bar Association filed a complaint with the Board of Bar Commissioners against H. Pate Wells, an attorney at law, charging him with numerous acts of unprofessional conduct and asking that disciplinary action be taken. The Board of Bar Commissioners has recommended the disbarment of the respondent. The charges against him are extensive, and we shall mention only those which the Board of Bar Commissioners found were sustained by the proof. These are:

(1) Respondent on numerous occasions appeared in the Livingston circuit court while court was in session in an intoxicated condition and on other numerous occasions failed to appear in court in prosecution of his cases because of his intoxication, both courses of conduct resulting in great inconvenience to opposing counsel, to the respective litigants, the witnesses, and the court; (2) respondent has repeatedly been subjected to prosecution for being drunk in a public place and has been convicted upon such charges frequently and in various places; (3) respondent on numerous occasions issued checks drawn upon his bank account in the Smithland Bank at times when he had no funds or enough funds on deposit to his credit to pay such checks and the checks were returned and remained unpaid; (4) respondent has been indicted in the McCracken circuit court upon the charge of obtaining property upon false pretenses; (5) respondent failed to render legal services to divers and sundry persons after being employed by them and after having been paid therefor, all to the damage and detriment of his clients, and he has failed to account to his clients for collections made by him in their behalf.

Several attorneys and others testified that respondent on numerous occasions appeared in the Livingston circuit court while the court was in session in an intoxicated condition, and on numerous occasions, because of intoxication, was absent from court when his cases were called, and on account of his intoxication continuances were made necessary which resulted in great inconvenience to opposing counsel, to the litigants, to the witnesses, and to the court. There was also proof that he has often been before the courts of Livingston and McCracken counties on the charge of being drunk in a public place, and this is admitted by him. On the day these charges were set for hearing by the trial committee of the Board of Bar Commissioners, respondent was not present and he later admitted that he was incarcerated in the McCracken county jail on a charge of being drunk in a public place. There was proof that respondent issued numerous cold checks, most of which have never been paid. Two or three attorneys testified that they had had a large number of these checks in their hands for collection, and that except in a few instances they had not been paid. Many of these checks were issued in payment of existing debts, but in some instances cash

or merchandise was received by respondent when he delivered the checks to the payees. The indictment in the McCracken circuit court for obtaining property under false pretenses was based on a cold check given by respondent. Before the trial he paid the check and it appears that the prosecution was discontinued. In support of the charge that respondent failed to render legal services to persons who had employed him and paid him for such services, proof was introduced showing that one Andrew Sims employed him to represent him in a case pending in the Crittenden circuit court in which the plaintiff in the action was seeking to enforce a mortgage lien against Sims' property. The circuit judge of that district was with respondent when he was employed by Sims and paid $20 on his fee to represent Sims in the case. The circuit judge at that time warned respondent that the case would stand for judgment the next day unless a defensive pleading was filed. Respondent did not file any defensive pleading and judgment by default was taken against Sims. An investigation of the matter was started, but soon thereafter Mr. Sims moved away from the neighborhood and the investigation was dropped. There was proof that respondent on a number of occasions had failed to account for collections he had made for clients. The only refutation of this proof was respondent's testimony either that the collection had not been made or that he had not accounted for it because there was a dispute between him and his client as to the fee. In one instance he had collected an account of $38 for the L. C. Lagier Medicine Company, and did not remit the proceeds. Respondent testified that he had not accounted to his client for the money because it offered to allow him only $7 for the collection while he was demanding a fee of 50% of the amount collected. He testified that he had written numerous letters to the forwarding attorneys concerning the matter and had received numerous letters from them. He offered none of these letters in corroboration of his testimony. His explanation of his failure to account to his clients for collections made by him in other cases was equally unconvincing.

We are not prepared to say that proof of charges of drunkenness standing alone is sufficient to authorize disbarment of an attorney, but when it is coupled with conduct which interferes with the proper administration of

justice and results in bringing the legal profession and the courts in disrepute, disciplinary action is warranted. The most serious charge against respondent is the admitted issuance by him of cold checks which is a crime under our Statutes. The disbarment of an attorney who has committed a crime is not dependent upon his conviction for that offense and the fact that he has not been indicted or convicted is not a defense in proceedings of this character. An attorney at law is an officer of the court, and may be disbarred for such misconduct as unfits him for the proper performance of his duties. An attorney is guilty of misconduct sufficient to justify his suspension or disbarment whenever he so acts as to be unworthy of the trust and confidence involved in his official oath and is found to be wanting in that honesty and integrity which must characterize members of the bar in the performance of their professional duties. Misconduct outside of his professional duties may be such as to render him incapable of discharging in the proper manner his obligations as an officer of the court. In re Sparks, 267 Ky. 93, 101 S. W. (2d) 194; Commonwealth v. Roe, 129 Ky. 650, 112 S. W. 683, 19 L. R. A., N. S., 413; Baker v. Commonwealth, 10 Bush 592. While respondent has never been convicted of a violation of the cold check law, KRS 434.070, yet the fact remains that he executed and delivered to divers persons worthless checks under circumstances indicating clearly his expectation that the checks would be put into circulation. The moral quality of the acts needs no comment. We think the following from State v. Mannix, 133 Or. 329, 288 P. 507, 511, 290 P. 745, is appropriate:

"Such conduct upon the part of an attorney displays a serious lack of integrity, and affects not only himself but also the entire bar. Besides being a member of a learned profession, an attorney is an officer of the courts, who by granting him a license to practice his profession hold him out to the community as one possessed of sufficiently good character to warrant confidence and trust. It is true that to be entitled to continued membership in the bar it is not essential that an attorney should be free from every vice and every objectionable personal fault, but, when he has acquired habits which render him unworthy of the great trust generally accorded to the members of the profession, or when his habits

have become such that they scandalize his calling or the courts in which he practices, his license should no longer be continued. The attribute of common honesty is one that we believe every attorney should possess. When repeated acts of grave misconduct upon his part show its absence, and his code of ethics is revealed as one that permits him to issue repeatedly worthless checks which he neglects to redeem even after suit, public policy and a due respect for the confidence which the legal profession invites the public to repose in its membership demands that we should say he is no longer fit to be enrolled among those who condemn dishonesty and seek to serve the cause of justice. Such conduct impugns his integrity and warrants a suspension or a disbarment.''

It is manifest that the recommendation of the Board of Bar Commissioners is supported by sufficient evidence.

The recommendation of the Board is confirmed, and the respondent, H. Pate Wells, is hereby disbarred from the further practice of law in this Commonwealth.

Whole Court sitting.