**In re William E. WEHRMAN.**

Court of Appeals of Kentucky.

Sept. 25, 1959.

Daniel W. Davies, Davies & Hirschfeld, Newport, for respondent.

BIRD, Judge.

The respondent, a member of the Kentucky State Bar Association and a County Judge, wrongfully barred certain lawyers from practicing in the Probate Court over which he presided. It is apparent that respondent's conduct resulted from animosity created by previous unpleasant relationships. Because of this conduct a complaint was filed with the Bar Association. The Board of Bar Commissioners had a hearing, found respondent guilty, and recommended that respondent be suspended from the practice of law for a period of two years. Respondent appeals.

We are called upon to determine whether respondent's conduct is a proper subject of bar discipline. In making this determination we must say whether or not a lawyer's conduct wholly unrelated to his practice of law subjects him to disciplinary action. We have held that it does. In re Wells, 293 Ky. 201, 168 S.W.2d 730; In re Lynch, Ky., 238 S.W.2d 118.

Having so held we now find it necessary to determine the extent of jurisdiction. Our disciplinary processes provide a way to purification of our profession but it is highly important that the way does not become an avenue to personal, religious or political reprisal. The possibilities of such misuse must be held to a minimum. We are therefore establishing a general boundary beyond which disciplinary jurisdiction shall not extend in any event. No act of misconduct shall be the subject of disciplinary action unless such act is at the time capable of commission by any member of the bar without being specifically set apart from other members. For example, we may have a lawyer who is a public officer. If he steals public funds he will be subject to bar discipline not because of his official defalcation but because he has committed theft, an offense that may be committed by any lawyer without being specifically set apart as an officer. That same officer may be guilty of official tyranny. He will not be subject to discipline for his tyranny because the offense is not one capable of commission by any lawyer without being set apart as an officer. This rule, we think, will not unduly circumscribe the disciplinary function of the Bar Association.

Respondent's conduct is not within the boundary defined and the recommendation of the Board of Bar Commissioners is therefore not confirmed. Consequently, it is ordered that this action be and is hereby dismissed.

The aggrieved parties were not without remedy at the time and they are not now without remedy. We do not condone respondent's acts but disciplinary action, if desired, must originate elsewhere.