**In The Matter of the Conduct of George B. McNABB, Jr., Attorney at Law, Respondent.**

**No. ABA–7.**

Supreme Court of Alaska.

Oct. 26, 1964.

16. See Watts v. Seward School Bd., Opinion No. 251, 395 P.2d 372 (Alaska 1964); Veal v. Newlin, Inc., 367 P.2d 155 (Alaska 1961).

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Following a formal hearing at which respondent, McNabb, was represented by counsel, a grievance committee of the Alaska Bar Association found respondent guilty of professional misconduct in several particulars and recommended that he be suspended from the practice of law for 180 days. Since respondent has not petitioned this court for review of the proceedings, findings and recommendations of the committee, as he was privileged to do under the Rules of the Alaska Bar Association,[1] it is incumbent upon this court to "issue * * * an order of dismissal, reprimand, disbarment, suspension, or order review on its own motion, as it sees fit."[2]

The evidence presented to the committee established grounds for the taking of disciplinary measures against respondent.

Between 1960 and 1961 respondent failed to appear for pre-trial conferences in five different cases. The evidence satisfactorily showed that notices of the conferences had been sent to respondent, and that his failure to appear was without justification.

In four cases that were tried by the superior court between October and December, 1961, respondent had been directed by the court to prepare findings of fact, conclusions of law and judgment. Respondent failed, without adequate excuse, to comply with the court's directive in all cases.

In 1961 respondent took an appeal to this court on behalf of a client who was the losing party in the superior court. Respondent filed a notice of appeal but took no further steps to perfect the appeal. He was notified by the clerk of this court that if the requisite steps were not taken by a certain date the appeal would be dismissed. There was no response from respondent and the appeal was dismissed. Respondent's explanation of this incident was that during his absence from Alaska he had asked another attorney to take care of the appeal, that this attorney had let the appeal "go down the drain", and that respondent's client had paid the judgment and had never expressed any dissatisfaction for respondent's failure to perfect the appeal.

On May 18, 1962 the superior court at Fairbanks entered an order restraining respondent from "filing any complaints commencing a new action, either in law, equity or probate."[3] In March 1963 respondent agreed to obtain a divorce for a woman named Mrs. Hagen. She paid respondent $100 at that time. Respondent did not in-

---

1. Rule 9, § 12 of the Rules of the Alaska Bar Association, effective June 1, 1964, provides:

 "*Petition for Review.* If private reprimand has been administered or if discipline has been recommended, the responent, within five days after the date of filing the committee's report with the Clerk of the Supreme Court, may petition the Court for review of the proceedings, findings and recommendations of the committee. In the event of dismissal or private reprimand, the President may likewise petition the Court for review."

2. Rule 9, § 14 of the Rules of the Alaska Bar Association, effective June 1, 1964, provides:

 "*Procedure When Uncontested.* If no petition for review is made within the time limited, the Court may issue an order of dismissal, reprimand, disbarment, suspension, or order review on its own motion, as it sees fit."

3. This order was rescinded by the superior court on April 1, 1964.

form her that he had been restrained by the court from filing any complaints. On or about June 24, 1963 Mrs. Hagen appeared in court at respondent's direction in order to get her divorce. Respondent did not appear. When she telephoned him about his failure to show up in court he apologized and told her that he would be in court the following Wednesday for sure. On July 31, 1963 Mrs. Hagen again appeared in court, and again respondent failed to appear. The court looked into the matter at that time and discovered that a complaint had been filed for Mrs. Hagen by another attorney, Mr. Crane, but that no service had been made on the defendant. Mrs. Hagen told the court that she had never authorized Mr. Crane to file a complaint for her and that respondent had never mentioned to her that Mr. Crane was in any way involved in the case. Respondent told the grievance committee that he had asked Mr. Crane to file the action for him since he was precluded from doing so by the court's order of May 18, 1962, and that he hadn't told Mrs. Hagen about this because it would have been embarrassing for him to do so.

In an action involving liability on a bond, respondent represented the principal on the bond. At the time set for trial of the action respondent failed to appear. He admitted that he was aware of the trial date, but attempted to excuse his failure to appear on the ground that his client had left the country and could not be located. In respondent's words "there was no use for me to go up there [to court] and waste time." Respondent had never informed the court that his client could not be located and would not be present for the trial.

 The grievance committee concluded that respondent was guilty of professional misconduct in that he had violated subdivisions (m) and (n) of Rule 2 of the Alaska Bar Association's rules relative to disbarment, discipline and suspension of members of the association,[4] and had violated Canon 31 of the American Bar Association's Canons of Professional Ethics, which had been adopted as the ethics governing the legal profession in Alaska by Rule 2(k) of the aforementioned rules of the Alaska Bar Association.[5] We do not find that any of these

4. The rules of the Alaska Bar Association referred to at this point and throughout the remainder of this opinion are the Rules of Procedure Relative to Disbarment, Discipline, Suspension and Reinstatement of Members of the Alaska Bar Association, adopted by the Board of Governors of the Association as part of the By-Laws of the Alaska Bar on June 20, 1955. These rules have since been superseded by this court's Rules of the Alaska Bar Association, effective June 1, 1964.
Rule 2(m) and (n) of the Association's disciplinary rules provided as follows:
"Rule 2. GROUNDS FOR DISCIPLINE. Any member or other attorney may be reprimanded, suspended, disciplined or disbarred for any of the following causes:
"(m) Incompetence in the profession or misconduct in or outside of the practice of the profession tending to show that he is an unfit or an unsafe person to enjoy the privileges of the profession or to manage the business of others in the capacity of attorney or which tends

to bring reproach upon the profession or injure it in the favorable opinion of the public.
"(n) Wilfully misleading or deceiving the Court or committing any act which tends to pervert or obstruct justice or its administration."

5. Rule 2(k) of the Alaska Bar Association's disciplinary rules provided that any member of the association may be reprimanded, suspended, disciplined or disbarred for
"Violation of the ethics of the profession. The Canons of Ethics of the American Bar Association are adopted as Canons of Ethics of the Alaska Bar."
Canon 31 of the Canons of Professional Ethics of the American Bar Association provides as follows:
"Responsibility for Litigation
"No lawyer is obliged to act either as adviser or advocate for every person who may wish to become his client. He has the right to decline employment. Every lawyer upon his own responsibility must decide what employment he will accept as counsel, what causes he will bring

rules are pertinent in respect to respondent's conduct. Rule 2(m) dealt with incompetence and misconduct. There is no evidence proving that respondent was incompetent. As to misconduct, we believe that that term involves something more than carelessness or neglect in the performance of professional duties. We believe that the term imports lack of personal honesty or integrity or good moral character.[6] In our opinion, the evidence did not establish that respondent was guilty of misconduct within the meaning of that term as used in Rule 2(m).

■ Rule 2(n) subjected an attorney to discipline for "wilfully misleading or deceiving the Court or committing any act which tends to pervert or obstruct justice or its administration." The grievance committee found a violation of this rule in respondent's actions with relation to the Hagen divorce case. We disagree with the committee. Rather than wilfully misleading or deceiving the court, respondent was guilty of misleading and deceiving his client, and violating a duty he owed to her when he agreed to obtain the divorce for her and accepted her money, knowing full well at that time that he would be unable to file any action on her behalf because of the superior court's order restraining him from filing any complaints.

■ Finally, we fail to see the pertinency of Canon 31 of the Canons of Professional Ethics.[7] The grievance committee found a violation of this canon in respondent's inattention to litigation where he had failed to take the necessary steps to perfect an appeal and where he had failed

to prepare and submit to the trial court findings of fact, conclusions of law and judgment in four different cases. It is clear from the plain language of Canon 31 that it does not in any way pertain to an attorney's lack of attention to or his neglect of litigation in which he is engaged. We hold that Canon 31 was not violated.

■ Reviewing the activities of respondent which resulted in the committee's finding of professional misconduct, we conclude that respondent was in violation of Rule 2(c) which made an attorney's violation of his duties as an attorney and counsellor a ground for discipline.[8] An attorney has a duty to his clients and to the court to attend pre-trial conferences, to prepare findings of fact, conclusions of law and judgment when directed to do so by the court, to appear in court at the time set for trial of a case, to perfect an appeal when one has been taken and the client has not instructed counsel to abandon it, and to not undertake to file an action on behalf of a client where counsel has been ordered by the court not to file any complaints. The evidence reveals a disregard by respondent for the interests of his clients and for the authority of the court. It discloses a course of conduct in which respondent generally failed in the performance of the duties which he owed to his clients and to the court. Respondent's conduct requires that he be disciplined by this court by suspension from the practice of law as recommended by the grievance committee.

The bar association's complaint against respondent also charged him with unprofessional conduct arising out of a case before

---

into Court for plaintiffs, what cases he will contest in Court for defendants. The responsibility for advising as to questionable transactions, for bringing questionable suits, for urging questionable defenses, is the lawyer's responsibility. He cannot escape it by urging as an excuse that he is only following his client's instructions."

6. See In re Wells, 293 Ky. 201, 168 S.W. 2d 730, 732 (1943); In re Williams, 233 Mo.App. 1174, 128 S.W.2d 1098, 1106.

(1939); People v. Baker, 207 Cal.App. 2d 717, 24 Cal.Rptr. 691, 696 (1962).

7. Note 5, supra.

8. Rule 2(c) of the rules of discipline of the Alaska Bar Association provided that a member of the association may be reprimanded, suspended, disciplined or disbarred for
 "Violation of his oath as an attorney, or of his duties as an attorney and counsellor."

the United States Court of Appeals for the Ninth Circuit. An appeal had been taken to that court from the former Territorial District Court in the case of Myres v. United States. The notice of appeal was signed by respondent as attorney for the appellant, Myres. During the course of the appeal various motions and affidavits for extensions of time were filed. All of these papers were signed by respondent as appellant's counsel. Two appellant's briefs were filed—the first having been stricken for failure to comply with the court's rules. Both briefs were signed by respondent.

The appeal was dismissed as frivolous. Following this, respondent filed with the court of appeals various affidavits, the substance of which was that respondent did not represent the appellant, Myres, and in fact had never had a conference with him, that respondent had had absolutely nothing to do with the appeal or the preparation or filing of any papers or briefs in connection therewith, and that the appeal had been handled exclusively by T. N. Gore who was not then admitted to practice law in Alaska or in the Court of Appeals for the Ninth Circuit. After reviewing these affidavits, together with those which had previously been filed in support of motions for extensions of time, the court of appeals determined that respondent, by executing and filing false affidavits, had enabled T. N. Gore to collect from the appellant Myres the sum of upwards of $1,150 for preparing the two briefs, the first of which was stricken for failure to comply with the court's rules and the second showing the appeal was frivolous, leading to an affirmance of Myres' conviction. The appellate court thereupon found respondent guilty of unprofessional conduct and ordered him disbarred from practice before that court for six months beginning October 31, 1956, unless in that time respondent had caused to be restored to Myres the sum of $1,150.[9] On December 11, 1956 respondent was ordered by the court of appeals to file his affidavit advising whether he had paid to Myres the money which he had been ordered to pay. Respondent replied to this order by letter in January 1957, stating that he had paid no money to Myres.

■ The grievance committee found that respondent was guilty of professional misconduct as found by the Court of Appeals for the Ninth Circuit and was in violation of Rule 2(i) of the Alaska Bar Association's disciplinary rules.[10] This rule was not applicable to this situation. It dealt primarily with the act of practicing law with a "disbarred or suspended attorney", and at the times the events mentioned took place T. N. Gore was neither disbarred nor suspended. He was simply an attorney not yet admitted to practice in the courts of Alaska. It is true that the last part of the rule covered the situation where counsel has practiced law with a person not a licensed attorney "under any arrangement or understanding for the division of fees or compensation of any kind." But this provision was not pertinent because there was no proof that respondent had any arrangement with Gore as to the division of fees or as to receiving compensation. In fact, respondent categorically denied receiving any money from Myres.

9. In re George B. McNabb, Jr., Misc. No. 531, Oct. 31, 1956 (Court of Appeals for the Ninth Circuit).

10. Rule 2(i) of the Alaska Bar Association's disciplinary rules provided that a member of the association may be reprimanded, suspended, disciplined or disbarred for

"Practicing law with or in cooperation with a disbarred or suspended attorney, or maintaining an office for the practice of law in a room or office occupied or used, in whole or in part, by a disbarred or suspended attorney, or permitting a disbarred or suspended attorney to use his name for the practice of law, or practicing law for and on behalf of a disbarred or suspended attorney, or practicing law under any arrangement or understanding for the division of fees or compensation of any kind with a disbarred or suspended attorney, or any person not a licensed attorney."

The governing rule in this situation was 2(e) which subjected an attorney to disciplinary measures for "Lending his name to be used as an attorney and counsellor by another person who is not an attorney and counsellor authorized to practice law in * * * Alaska." Respondent was clearly in violation of this rule. He knew that Gore was not admitted to practice, and yet he allowed his name to be used by Gore in prosecuting the Myres appeal. Respondent's violation of Rule 2(e) calls for the imposition of discipline by this court.

The federal court's disciplinary action against respondent took place in 1956. It was given wide publicity in Alaska. The Alaska Bar Association, of which respondent was a member, was aware of the action taken by the court of appeals and the reasons for such action. The bar association did nothing about the matter until seven years later when, in June 1963, it filed a complaint against respondent which gave rise to this proceeding. Such an inordinate delay was inexcusable. The Alaska Bar Association, as an integrated bar, had the function and duty to promptly investigate and act upon all matters which might constitute grounds for discipline of its members. This duty arises from the obvious need to protect the public and to uphold the dignity of the legal profession. The association failed in its duty. Its reluctance or unwillingness to act for such a long period of time suggests an unfortunate lack of concern for the public good and the proper administration of justice.

In addition to the unreasonable delay in taking action on respondent's unprofessional conduct with regard to the Myres appeal, there appears to have been undesirable procrastination on the part of the Alaska Bar Association in prosecuting to a conclusion this proceeding against respondent. In October 1961 a judge of the superior court at Fairbanks had written to the local grievance committee regarding respondent's conduct. In March or April 1962 the president of the Alaska Bar Association appointed a Fairbanks attorney to make an investigation of this matter. A report of the investigation was filed with the Board of Governors in April 1962. Over a year later, in June 1963, a complaint against respondent was filed with the secretary of the association. Four months later, in October 1963, a trial committee was appointed and respondent answered the complaint. The committee held its hearing on this matter in June 1964, and filed its report with this court in August 1964.

There was no apparent justification for these delays. We disapprove of such laxity. The failure on the part of the integrated bar to process a grievance matter with reasonable dispatch serves to discredit the legal profession in the eyes of the public.

In concluding its report the grievance committee recommended to the Board of Governors that any attorney appointed as prosecutor be instructed as to his duties and obligations in connection with the prosecution of disciplinary matters. The committee stated that although the prosecutor in this case was in complete good faith, he had not been adequately instructed and that this manifested itself in his failure to cross examine the respondent and also to call and examine clients of the respondent which could have assisted the committee in its findings and recommendations. After reading the entire transcript of the proceedings, we agree with the committee's comments and recommendations. There is little question but that a more adequate job could have been done in developing the relevant facts had the prosecutor been more experienced, or had he been properly instructed by the Board of Governors regarding his functions and duties as prosecutor for the bar.

■ For violations of Rule 2(c) and (e) of the disciplinary rules of the Alaska Bar Association, an order will be entered suspending respondent from the practice of law for a period of 180 days.