**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**J. Newman TOOMEY, Respondent.**

**No. 2–58875.**

Supreme Court of Iowa.

Dec. 17, 1975.

Lee H. Gaudineer, Jr., and Hedo M. Zacherle, Des Moines, for complainant.

J. Newman Toomey, pro se.

HARRIS, Justice.

This is a disciplinary proceeding. The grievance commission found respondent violated the Iowa Code of Professional Responsibility for Lawyers for failure to file state and federal income tax returns and for twice being convicted of misdemeanors involving moral turpitude. The commission exonerated respondent of the further charge he commingled his own funds with those of his clients.

Respondent suffers a physical disability known as myasthenia gravis, a disorder of nerve-muscle transmission. The record places onset of this condition in January 1973. By February 14, 1974 respondent's physician believed his condition was under control. There is no claim respondent's mental faculties were ever affected by this condition. Therefore and in view of the period of time involved in the complaints against respondent we do not believe his health was a material factor in the conduct complained of.

Respondent failed to file Iowa income tax returns for 1969, 1970, 1972 and 1973. He failed to file federal income tax returns for 1972 and 1973. These failures were a violation of the canons of professional ethics and call for disciplinary action. See *Committee on Professional Ethics v. Sylvester*, 221 N.W.2d 803 (Iowa 1974), and *Committee on Professional Ethics v. Bromwell*, 221 N.W.2d 777 (Iowa 1974) and authorities.

On two occasions respondent was charged with larceny or shoplifting under $20 in violation of § 709.20, The Code. On the first occasion, in July 1972, he paid a fine for shoplifting knowing it to be equivalent to a guilty plea. In January 1974 he was found guilty of a similar offense and did not appeal his conviction. These convictions both involved moral turpitude. See *Iowa State Bar Assn. v. Kraschel*, 260 Iowa 187, 148 N.W.2d 621 (1967).

We claim the inherent constitutional power to license lawyers and acknowledge the duty to censure, suspend or revoke licenses to practice when a lawyer has committed an offense which involves deceit, is prejudicial to the administration of justice, and adversely reflects on such a person's fitness as a member of the bar. See *Bromwell*, supra, at p. 780.

Upon our de novo review we find respondent should be suspended from the practice of law in Iowa. During such suspension it is ordered he shall refrain from all facets of his law practice including but not limited to the examination of abstracts, consummation of real estate transactions, preparation of deeds, buy and sell agreements, contracts, wills and tax returns as well as any court appearance or counseling clients with regard to the same.

Respondent's suspension shall commence January 1, 1976 and shall be for 24 months. Upon application for reinstatement he shall furnish satisfactory proof he is then of good moral character and in all other ways worthy to practice law as required by our Court Rule 118.13. He shall also prove he has not practiced law or performed any of the aforesaid services during the period of this suspension.

All Justices concur.