**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Paul LITTLEFIELD, Respondent.**

No. 58386.

Supreme Court of Iowa.

Aug. 30, 1976.

Lee H. Gaudineer, Jr. and Hedo M. Zacherle, Des Moines, for complainant.

Paul Littlefield, pro se.

REES, Justice.

This is an attorney's disciplinary proceedings which had its genesis in the filing on March 4, 1974 of a complaint against Attorney Paul William Littlefield. The complaint consists of five separate counts specifying various violations of the Code of Professional Responsibility for Lawyers.

I. On February 7, 1975 the above mentioned complaint came on for hearing before the Third Division of the Grievance Commission pursuant to our rule 118, as amended. The transcript of the proceedings at such hearing, together with the exhibits introduced at the hearing, is before us for *de novo* review.

The report of the Grievance Commission consists of findings of fact, conclusions of law and the recommendation that the respondent be permanently disbarred from the practice of law in this state. The report was filed May 22, 1975. Respondent thereafter gave notice of appeal and engaged in many diversionary tactics which we do not now deem necessary to discuss in detail.

---

Suffice it to say that by order of this court dated June 24, 1976, the appeal was submitted to the full Bench without oral argument on July 23, 1976, a detailed *de novo* review of the entire file was undertaken by the court including a review of the Grievance Commission's finding of fact and conclusions of law.

The report of the Grievance Commission includes the following findings:

(a) That respondent at the time of the hearing about 25 or 26 years of age was a resident of Ft. Dodge, and married. He had graduated from the College of Law of the University of Kentucky in 1972 and was subsequently admitted to practice in the State of Iowa, and had been engaged in the practice of law at Ft. Dodge at the time of the hearing before the Commission, to-wit: February 7, 1975.

(b) That the respondent was convicted on August 6, 1973, in the Circuit Court of Fayette County, Kentucky, of the crime of attempting to commit a felony, which is a misdemeanor under the laws of Kentucky. (See Kentucky Revised Statute § 431.065.) The felony respondent was alleged with having attempted to commit was the making of a false statement as to financial condition, under the Revised Statute of Kentucky, § 434.570, and involved an alleged false statement of financial condition made to a bank to procure a credit card. That the conviction of respondent was upon his voluntarily and knowingly pleading guilty to the offense charged.

(c) The Commission found that on August 6, 1973, the respondent, having pleaded guilty to the above mentioned offense, was sentenced to serve a term of twelve months in the County Jail, and was then placed on probation for a term of three years on the following express conditions embraced in the court order of sentencing, to-wit: "He was not to practice law during the probation period," and that "he must undergo psychiatric therapy." In violation of such order prohibiting him from practicing law, the de-

fendant almost immediately removed himself from the State of Kentucky to the State of Iowa and engaged in the practice of law in Iowa.

(d) That the evidence before the Commission supplied by the respondent disclosed information that respondent had been subjected to examination at the Kentucky Medical Center and a report was introduced before the Commission from which the following is a verbatim excerpt:

"After very extensive psychiatric examination, which included psychological testing, electroencephalogram, and a brain scan, it is our most distinct opinion that this person suffers from a serious psychiatric disease. At the present time, it is our opinion that the disease is progressive and has been insidiously operating for at least the past several years. It is our opinion that Mr. Littlefield has become progressively and increasingly incapacitated as a consequent result of the progressive nature of his disorder . . . . It is our opinion that the disorder of thinking, from which Mr. Littlefield suffers, would make it impossible for him to willfully or competently understand and validly judge his behavior during the course of this illness." (Exhibit E, April 6, 1973, letter of Paul J. Winkler, M.D., Chief Resident and Psychiatric Out-Patient Department, University of Kentucky, Lexington, Kentucky and Cornelia B. Wilbur, M.D., Prof. of Psychiatry).

(e) That all of the findings of fact made by the Commission had been established by clear, convincing and competent evidence, and no evidence was introduced by the respondent in mitigation, avoidance or explanation of the charges made against him.

Our review of the record impels us to reach the same findings and conclusions as did the Grievance Commission.

II. The conduct of the respondent in this case was aggravated by the fact that not only is he guilty of the crime of attempting

to defraud another, but that he has violated the provisions of his parole by engaging in the practice of law almost immediately after he was granted probation upon the condition that he not engage therein. Further, respondent failed to secure the psychological counselling and treatment the Kentucky court ordered him to undergo, but instead left the State of Kentucky and returned to Iowa. Respondent therefore showed himself to be determined to evade the restrictions of his probation and willfully disobeyed the order of a lawful court. Obviously, he did not inform the Kentucky court that he was engaging in the practice of law in Iowa. His dishonest and deceitful conduct in these regards demonstrates his lack of the requisite good moral character required of an individual before he is permitted to engage in the practice of law in this state, and his actions permit of no other sanction than the immediate and permanent revocation of his license to practice the profession of law in Iowa. The interest of the judicial system and of the public require such action and the respondent's conduct is indicative of the necessity therefor. See *Committee on Professional Ethics v. Bromwell,* 221 N.W.2d 777 (Iowa 1974).

III. Our obligation is to inquire in this proceeding as to whether respondent Paul Littlefield has shown himself to be unfit to engage in the practice of law as a member of the Bar of this state. The record clearly establishes such conduct on his part as to justify his permanent disbarment. It is so ordered and the respondent is permanently disbarred from the practice of law in this state.

All Justices concur.