COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

**Raymond A. SLOAN, Jr., Respondent.**

No. 61345.

Supreme Court of Iowa.

Feb. 22, 1978.

Lee H. Gaudineer and Hedo M. Zacherle, Des Moines, for complainant.

Dick R. Schlegel, Ottumwa, for respondent.

UHLENHOPP, Justice.

In this grievance proceeding against respondent Raymond A. Sloan, Jr. on charges of alcoholism, complainant Committee on Professional Ethics and Conduct of The Iowa State Bar Association and respondent Sloan stipulated the facts. From the stipulation we learn that in all or parts of 1969, 1971, and 1974 through 1977 respondent suffered from acute alcoholism and while so suffering was not competent to render legal services and did not conduct himself properly as an attorney. In 1976, while intoxicated, respondent made telephone calls to a woman and used language which violated Iowa law. He pleaded guilty to a charge of violating § 714.37 of the Code; the district court deferred sentence and placed him on probation.

At various times respondent committed himself for treatment of his problem to

Iowa Methodist Hospital in Des Moines, Lutheran General Hospital in Chicago, Oakdale Hospital in Iowa City, Lynneville in Jordan, Minnesota, Lakeside in Marion, Iowa, and Veterans Administration Hospital in Iowa City.

Respondent recently completed another period of hospitalization and claims that he now has his alcoholism under control.

The parties further stipulated that respondent's Iowa license to practice law should be suspended, with respondent having the right to apply to this court for reinstatement at any time if he can establish that he has his alcoholism under control and that such control will probably extend into the future. They also stipulated that if reinstated, respondent shall be placed on probation for a period of two years; and if he consumes an alcoholic beverage within such period the Grievance Commission shall hold a hearing on notice, and if it finds respondent has consumed an alcoholic beverage it shall file its finding with this court and the court shall revoke respondent's license.

The parties submitted the matter to the commission on the stipulation. The commission approved the stipulation and reported the matter to this court under Court Rule 118 with the recommendation that we approve the stipulation.

■ I. We give respectful consideration to commission recommendations but are not bound by them, as we review the matter de novo. *Committee on Professional Ethics & Conduct v. Ralph*, 261 N.W.2d 684 (Iowa); *Committee on Professional Ethics & Conduct v. Crary*, 245 N.W.2d 298 (Iowa). We independently examine the evidence in the record (here the stipulation) and enter our disposition of the case.

II. Upon consideration of the stipulation before us, we find that respondent is alcoholic and for periods of time has suffered from acute alcoholism rendering him incompetent to practice law and tending to bring the profession of law into disrepute.

■ III. Under the present facts, we conclude that respondent's Iowa license to practice law should be suspended for an indefinite period of time. During such suspension respondent shall refrain from engaging in any of the facets of the practice of law, as defined in rule 118.12. DR1–102(A)(6); DR1–102(A)(3); EC1–5; EC1–6; EC9–6; *In re Wells*, 293 Ky. 201, 168 S.W.2d 730; *In re Enright*, 160 Or. 313, 85 P.2d 359; Anno. 17 A.L.R.3d 692.

IV. If and when respondent believes he has his alcoholism under control and will have it under control in the future, he may apply to this court for reinstatement. If he establishes that he has not practiced law during suspension and that he has his alcoholism under control and such control will extend into the future, this court may reinstate his license, but such reinstatement shall include a probationary period of two years during which respondent must totally abstain from the consumption of intoxicating beverages. If respondent successfully completes his probation, the probation shall terminate at the end of the two-year period. But if within the two-year period complainant claims that respondent has consumed any intoxicating beverage, it shall apply to the commission for a recommendation to this court that respondent's license be revoked. The commission shall thereupon hold a hearing on notice, make findings of fact, and report its findings and recommendation to this court. This court will then after notice and hearing enter appropriate findings and disposition. If our finding is that respondent violated his probation, our disposition may be disbarment. The words "intoxicating beverage" in this opinion include wine and beer.

LICENSE SUSPENDED.

All Justices concur.