COMMITTEE ON PROFESSIONAL ETH-ICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

**Richard Frank RABE, Respondent.**

**No. 63748.**

Supreme Court of Iowa.

Oct. 17, 1979.

Roger J. Kuhle, Des Moines, for complainant.

J. Blaine Phipps, Des Moines, for respondent.

UHLENHOPP, Justice.

This is a disciplinary proceeding against an attorney predicated on fourth-degree theft. *See* § 714.2(4), The Code 1979 ("The theft of property exceeding fifty dollars in value but not exceeding one hundred dollars in value is theft in the fourth degree. Theft in the fourth degree is a serious misdemeanor.").

Respondent Richard Frank Rabe graduated in dentistry in 1942 and practices that profession in Iowa. In 1952 he graduated in law and was admitted to the Iowa bar. He does not practice that profession but holds a license.

Respondent has a severe problem with alcohol. He has also had very serious problems with one of his children and with a parent. On August 14, 1978, after he had consumed alcoholic beverages, he took a boy's parka from a Des Moines department store and placed it in the trunk of his car.

He returned to the store, took a stuffed rabbit and a stuffed gorilla, and placed them also in his car trunk. He again returned to the store and this time took a leather belt. At this point he was stopped by a store employee. How he expected to avoid detection when committing these acts in full view is difficult to understand, unless the alcohol had some effect. In any event, he did not escape detection, was observed committing the acts, and was arrested. When taken to the car he opened the trunk lid and returned the articles.

Subsequently respondent pleaded guilty to fourth-degree theft of property worth $72.99.

Respondent has joined alcoholics anonymous, attends the meetings frequently, and works with other dentists who are combating alcohol problems.

Complainant Committee on Professional Ethics and Conduct of The Iowa State Bar Association charged respondent before the Iowa Grievance Commission with conduct involving moral turpitude, based on the theft. After hearing, at which respondent admitted the facts, the Commission found the charge to be true. The Commission recommended, largely on the basis of respondent's alcoholism and his attempt to rehabilitate himself, that he be reprimanded by this court.

The Commission has filed its report with this court, neither side has seen fit to file a brief, and the time for filing briefs has passed. We therefore proceed to consideration and disposition of the case.

I. We review proceedings of this kind de novo; we are not bound by the Commission's findings or recommendations but give respectful consideration to them. Complainant must establish the charge by a convincing preponderance of the evidence. If the charge is established, we select appropriate discipline by considering "the respondent's fitness to continue in the practice of law, deterrence of others from similar conduct, and assurance to the public that the courts will maintain the ethics of the profession." *Committee on Profession-*

al *Ethics & Conduct v. Roberts,* 246 N.W.2d 259, 262 (Iowa 1976). *See also Committee on Professional Ethics & Conduct v. Bitter,* 279 N.W.2d 521, 523 (Iowa 1979).

 II. Fourth-degree theft, a serious misdemeanor, involves moral turpitude. *Committee on Professional Ethics & Conduct v. Toomey,* 236 N.W.2d 39, 40 (Iowa 1975). *See* Iowa Sup.Ct.R. 118.10.

III. Respondent has pleaded guilty to a charge involving moral turpitude. In addition, according to his own admissions before the Commission, he did commit the offense.

IV. In view of respondent's problem with alcohol and his involvement with alcohol at the time of the events in question, and his present efforts to cope with his alcohol problem, we agree with the Commission that disbarment is not in order. Nonetheless we believe that some suspension should be imposed. *Cf. Toomey,* 236 N.W.2d at 40 (shoplifting and failure to file tax returns—suspension two years).

■ The court finds that respondent committed an offense involving moral turpitude. We therefore suspend respondent's Iowa license to practice law for an indefinite period of time. During the suspension respondent shall refrain from engaging in any of the facets of the practice of law as defined in rule 118.12 of this court. If and when respondent believes he has his alcoholism under control and will have it under control in the future, but not less than six months from this date, he may apply to this court for reinstatement. If he establishes that he has not practiced law during the suspension, that he has the alcoholism under control and the control will extend into the future, and that his conduct has been good, this court may reinstate his license. *See Committee on Professional Ethics & Conduct v. Sloan,* 262 N.W.2d 262, 263 (Iowa 1978).

LICENSE SUSPENDED.

All Justices concur except McCORMICK and ALLBEE, JJ., who dissent.

McCORMICK, Justice (dissenting).

Respondent satisfied his peers in the dental profession and the grievance commission of this court that his single incident of otherwise inexplicable misconduct was a product of alcoholism which he now has under control. Under this record I agree with the recommendation of the commission that a reprimand is sufficient discipline.

ALLBEE, J., joins in this dissent.