COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

Allan J. BERGREN, Respondent.

No. 64242.

Supreme Court of Iowa.

Dec. 30, 1980.

Lee H. Gaudineer, Jr., and Karen E. Shaff, Des Moines, for complainant.

ALLBEE, Justice.

We are called again to the task of suspending the license to practice law of an attorney who is afflicted with alcoholism.

This grievance proceeding was initiated on November 16, 1979, when the Committee on Professional Ethics and Conduct of The Iowa State Bar Association filed with this court a report of respondent Allan J. Bergren's involuntary commitment for alcoholism. We ordered respondent to appear on December 12 to show why his license to practice law in this state should not be suspended. See Iowa Sup.Ct.R. 118.16. Respondent appeared at the time ordered and requested an opportunity to propose a specific program of treatment to help him overcome his alcohol-related problems. By order of December 19, we granted respondent until January 14, 1980 to file for our consideration such a proposal, and continued the show-cause hearing. The order also directed that he refrain from the use and consumption of all alcoholic beverages.

A specific written proposal for the care and treatment of alcoholism was timely presented by respondent. That proposal included abstention from the use of alcoholic beverages, residential care at Lakeside Treatment Center near Cedar Rapids, participation in an Alcoholics Anonymous program and weekly contacts with a member of the Committee on Alcohol Problems of The Iowa State Bar Association. Presented as part of the proposal was the statement of Lakeside's program director indicating that institution's willingness and ability to assist respondent in carrying out the terms of the proposal and to provide this court a progress report on or before July 1, 1980. On January 23, 1980, we accepted respondent's proposal and ordered that he strictly adhere to its conditions. In that order we also provided that Lakeside report on respondent's progress on or before July 1 and continued the hearing to show cause subject to call.

Lakeside did not report to this court as agreed. In response to the subsequent request of counsel for the Committee on Professional Ethics and Conduct, Lakeside provided a report dated November 13, 1980. In that report, Lakeside's program director indicated that while respondent had satisfactorily fulfilled his residential and after-care commitments there, the institution had no information as to whether he was meeting other conditions of his proposal. Consequently, on November 26 we ordered, and gave notice to respondent, that he appear before this court on December 10, 1980, at 1:30 p. m., to show whether he had strictly complied with our prior order of January 23 and to show cause why his license to practice law should not be suspended. We also ordered that the Committee on Professional Ethics and Conduct could appear and present evidence at the hearing.

Respondent failed to appear before us on December 10, and to this date has not responded in any manner to our order and notice of hearing. At the time assigned for hearing, the Committee on Professional Ethics and Conduct produced evidence establishing that respondent is again using and consuming alcoholic beverages, is frequently observed to be in a state of intoxication, pleaded guilty to public intoxication in Boone on December 3, 1980, in violation of section 123.46, The Code 1979, and has been inattentive to his law practice to the detriment of certain clients. No recommendation was made concerning the sanction we ought to impose.

In reaching our decision here we apply familiar principles governing proceedings of this nature which are set forth in prior cases and need not be repeated again. See, e.g., Committee on Professional Ethics and Conduct v. Rabe, 284 N.W.2d 234, 235 (Iowa 1979); Committee on Professional Ethics and Conduct v. Durham, 279 N.W.2d 280, 282 (Iowa 1979); Iowa State Bar Association v. Kraschel, 260 Iowa 187, 193–94, 148 N.W.2d 621, 625 (1967).

From the record before us, we find a convincing preponderance of evidence that respondent is an alcoholic. Due to this disability, respondent's license to practice law in Iowa is hereby suspended indefinitely and shall not be reinstated sooner than one year from this date. Iowa Sup.Ct.R. 118.16. During the suspension respondent shall refrain from engaging in any of the facets of the practice of law as defined in court rule 118.16. Respondent shall also comply with Iowa Sup.Ct.R. 118.18 regarding notification to clients and counsel of his suspension. If and when respondent believes he has his alcoholism under control, and if upon application he establishes that the control of his alcoholism will extend into the future, that he has not practiced law during the suspension and that his conduct has been good, this court may then reinstate his license. *See Rabe*, 284 N.W.2d at 236; *Committee on Professional Ethics and Conduct v. Sloan*, 262 N.W.2d 262, 263 (Iowa 1978); Iowa Sup.Ct.R. 118.13 and .16.

LICENSE SUSPENDED.