**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Leo E. GROSS, Respondent.**

No. 68180.

Supreme Court of Iowa.

July 21, 1982.

Karen Shaff of Austin & Gaudineer, Des Moines, for complainant.

Leo E. Gross, pro se.

McCORMICK, Justice.

This attorney disciplinary proceeding arises from a business transaction in which respondent Leo E. Gross acted as a corporate fiduciary rather than as a lawyer. Based on his handling of that transaction, the Grievance Commission found ethical infractions requiring discipline. We agree with the commission's finding that respondent has been guilty of misconduct warranting discipline, and we order that his license to practice law be suspended indefinitely.

In the early 1970's, respondent became interested in the development of an electronic lock invented by Rick Gerber. He was an investor, officer and director of Gerber Electronic Lock, Inc., which was incorporated in 1974 for the purpose of holding the patent on the device. By 1976 a

prototype had been manufactured, and respondent's brother had been engaged to do engineering work to improve it. Respondent and his brother acquired an option for license rights to manufacture and market the lock. A Des Moines physician invested $15,000 with respondent on the representation he would thereby acquire an interest in a corporate licensee. A corporation called Benchmark Industries, Ltd. was formed to hold the license.

Subsequently respondent caused an offering memorandum dated December 31, 1976, to be prepared through which he sought additional private investments in Benchmark. The physician's investment was treated as a subscription pursuant to that offer, and he was listed in the memorandum as a director of the new corporation. Respondent sought subscriptions for 200,000 to 300,000 shares of convertible preferred stock at $1.00 per share. The proceeds were to be used principally to fund a loan to Gerber Electronic Lock, Inc., to acquire the license rights pursuant to the option agreement. The option agreement alternatively allowed the new corporation to manufacture and sell up to 6000 of the locks at a stated price.

Funds raised pursuant to the offer were to be held in escrow until the minimum 200,000 share subscription was sold. If the minimum subscription was not sold by February 17, 1977, the funds were to be returned to the subscribers. Two additional Des Moines physicians subscribed for 40,000 shares, making a total investment of $55,-000 by the subscribers. None of the money was maintained in escrow. Instead it was deposited in an account in the name of Gerber Security Products, Inc. When the subscription failed, the money was not returned to the investors.

Respondent alleges a new agreement was reached with the investors to use the subscription funds for the manufacturing and marketing of 6000 locks pursuant to the alternative provision of the option agreement. No agreement was ever executed, and no accounting was ever made to the investors. Most of the money was spent for respondent's own salary and expenses in attempting to arrange for the marketing of the lock. By October 1977 the money was gone, and the venture was dormant. Subsequently respondent was charged with securities fraud and, in a default proceeding, was found to have violated section 502.401, The Code, in the transaction. A cease and desist order was issued pursuant to section 502.604.

During the course of the grievance hearing, respondent informed the commission that he was afflicted with alcoholism in 1977 and had subsequently stopped drinking for only the two-year period between April 1979 and commencement of the disciplinary proceeding. He acknowledged he deserved discipline for his mishandling of the investments and disclaimed any present intention to practice law.

We agree with the commission that respondent's conduct in the securities transaction violated DR 1–102 and EC 1–5 and EC 9–2 of the Iowa Code of Professional Responsibility for Lawyers. Even though he was not acting as a lawyer in the transaction, he was acting as a fiduciary in his capacities as corporate officer and promoter. *See Rowen v. LeMars Mutual Insurance Co.*, 282 N.W.2d 639, 649 (Iowa 1979); *Holi-Rest, Inc. v. Treloar*, 217 N.W.2d 517, 525 (Iowa 1974); *Des Moines Bank & Trust Co. v. George M. Bechtel & Co.*, 243 Iowa 1007, 1081, 51 N.W.2d 174, 216 (1952). His flagrant breaches of fiduciary duty and securities law violation constitute misconduct for which he must be disciplined as a lawyer.

We order that respondent's license to practice law be suspended indefinitely. This suspension shall apply to and include all facets of ordinary practice of law, including but not limited to the services listed in Sup.Ct.R. 118.12. Because of the evidence of respondent's uncontrolled alcoholism and his stated desire not to practice law for the foreseeable future, we will not fix a minimum period of suspension. In any application for reinstatement, respondent shall have the burden to prove not only that his conduct has been good and that he has

not practiced law during his suspension but also that he has his alcoholism under control and that he will have it under control in the future. *See Committee on Professional Ethics and Conduct v. Bergren*, 300 N.W.2d 85, 87 (Iowa 1980).

LICENSE SUSPENDED.