COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Appellee,

v.

**James R. MILLEN, Appellant.**

No. 84–1002.

Supreme Court of Iowa.

Nov. 14, 1984.

James R. Millen, pro se.

Frank A. Comito and Mark A. Critelli of Comito & Capps, and Hedo M. Zacherle, Des Moines, for appellee.

McCORMICK, Justice.

The question here concerns the discipline that is warranted for an attorney's knowing and willful violation of an injunction in a dissolution action in which he was a party. Respondent attorney James R. Millen contends the grievance commission erred in finding his conduct was unethical and in recommending that his license be suspended. We find that the commission was correct in finding respondent's conduct breached the Iowa Code of Professional Responsibility for Lawyers and in recommending a suspension of his license.

Respondent admits the relevant facts. In December 1981 he was served with a temporary injunction obtained by his then wife in a pending action to dissolve their marriage. In part the injunction ordered respondent not to "withdraw any funds from the St. Paul Money Fund account of respondent or the parties, without prior written approval of petitioner, pending further order of [the] Court." The St. Paul account contained approximately $50,000 at that time.

On January 21, 1982, after returning from a vacation, respondent drafted a check on the account payable to himself for $700 to cover vacation expenses. On January 25, 1982, he drafted two more checks payable to himself, one for $25,000 and the other for $900, in connection with purchase of a home. He signed his wife's name to each check without her knowledge or consent. His wife's attorney learned of the checks and notified the St. Paul company in time to keep the checks from being honored.

In arguing that this conduct was not unethical, respondent asserts he did not violate the injunction because he was unsuccessful in withdrawing the funds. He also asserts his conduct does not reflect adversely on his fitness to practice law. Like the commission we find respondent was guilty of misconduct that requires professional discipline.

Every lawyer admitted to practice in this state takes an oath to "maintain the respect due to courts of justice and judicial officers." Ethical considerations echo this precept. Lawyers are advised that "[o]bedience to law exemplifies respect for law. To lawyers especially, respect for the law should be more than a platitude." EC 1–5. In addition: "Respect for judicial rulings is essential to the proper administration of justice...." EC 7–22. Finally: "Every lawyer owes a solemn duty to uphold the integrity and honor of [the] profession; to encourage respect for the law and for the courts and the judges thereof; to observe the Code of Professional Responsibility...." EC 9–6.

Respondent violated his oath and these ethical considerations when he issued the three drafts on the St. Paul account. His misconduct was complete even though his effort to withdraw the money was unsuccessful. *See Committee on Professional Ethics and Conduct v. Littlefield*, 244 N.W.2d 824, 825–26 (Iowa 1976). A violation of ethical considerations is alone suffi-

cient to support disciplinary action. *See Committee on Professional Ethics and Conduct v. Behnke,* 276 N.W.2d 838, 840 (Iowa 1979).

As found by the commission, respondent also violated at least one disciplinary rule. Disciplinary rule 1–102 prohibits a lawyer from engaging in illegal conduct involving moral turpitude, in dishonest and deceitful conduct, in conduct that is prejudicial to the administration of justice, and in any other conduct that adversely reflects on the lawyer's professional fitness. Respondent breached the disciplinary rule in each of these respects.

■ It makes no difference that respondent was not acting as a lawyer at the time of his misconduct. Lawyers do not shed their professional responsibility in their personal lives. *See Committee on Professional Ethics and Conduct v. Gross,* 322 N.W.2d 82, 83 (Iowa 1982).

■ In resisting suspension, respondent points to the stress he was under at the time of his misconduct, emotional problems for which he subsequently obtained successful treatment, a voluntary cessation of law practice for a period of almost two years, an assessment of attorney fees against him in the dissolution case to compensate his former wife for the legal difficulties he caused, and an otherwise unblemished and honorable record in the practice of law. While these circumstances are among those considered in determining suitable discipline, the court must give foremost consideration to the purposes of attorney disciplinary proceedings. Those purposes include protecting the courts and public from persons unfit to practice law, vindicating public confidence in the integrity of our system of justice, and deterring other lawyers from similar misconduct. *Committee on Professional Ethics and Conduct v. Rogers,* 313 N.W.2d 535, 537 (Iowa 1981).

■ We conclude that respondent's license to practice law should be suspended indefinitely, with no possibility of reinstatement for three months. This suspension shall apply to all facets of the practice of law. *See* Iowa S.Ct.R. 118.12. Upon application for reinstatement, respondent shall have the burden to prove that he has not practiced law during the period of suspension and that he meets the requirements of rule 118.13.

LICENSE SUSPENDED.

All Justices concur except UHLEN-HOPP, J., who takes no part.