**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**D. Keith BORCHART, Respondent.**

No. 85–1704.

Supreme Court of Iowa.

Aug. 20, 1986.

James E. Gritzner of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, and Hedo M. Zacherle, Des Moines, for complainant.

D. Keith Borchart, pro se.

LAVORATO, Justice.

We must review the Grievance Commission's report recommending suspension of D. Keith Borchart's license to practice law. *See* Iowa Sup.Ct.R. 118.10. The commission found that Borchart knowingly and willingly failed to file his state income tax returns. It also found that he falsely stated in client-security questionnaires he filed those returns. *See* Iowa Sup.Ct.R. 121.-4(b).

We temporarily suspended Borchart's license on January 9, 1986. Although the commission recommended a one-year suspension from that date, one member recommended a public reprimand or, at most, a three-month suspension. We agree with the commission's recommendation and now impose a suspension of one year from January 9, 1986.

Borchart admitted he knowingly and willingly failed to file five tax returns. He insisted these failures were due to a lack of

funds and a series of personal and family health problems. His problem with alcohol, for which he was treated in October, 1980, subsided until March, 1981. In August, 1981, he had further treatment, which apparently was successful.

In 1981, Borchart falsely stated in his client-security questionnaire that he had filed his 1979 tax return. He knew his license would be suspended upon discovery, but decided to postpone the day of reckoning as long as possible: he answered falsely in 1982, 1983, and 1984.

Borchart filed federal income tax returns for each of the years involved. He even prepared corresponding state returns, but did not file them.

In 1985, Borchart pled guilty to failure to file his state returns. See Iowa Code §§ 422.25(5), 714.10(1) (1985). The district court deferred judgment, imposed probation for two years, and required Borchart to perform 250 hours of community service as well as contribute $1000 to the court fund.

The commission correctly concluded that Borchart's failure to file the returns violated Iowa Code of Professional Responsibility for Lawyers DR 1–102(A)(5) (engaging in conduct prejudicial to administration of justice) and (6) (engaging in conduct adversely reflecting on fitness to practice). It also correctly concluded that filing false answers to the questionnaires violated DR 1–102(A)(4) (engaging in conduct involving dishonesty). Having determined ethical violations occurred, we must now decide what sanction is justified under the circumstances.

Attorney disciplinary proceedings are not designed to punish, but rather to determine the fitness of an officer of court to continue in that capacity, to insulate the courts and the public from those persons unfit to practice law, to protect the integrity of and the public confidence in our system of justice, and to deter other lawyers from engaging in similar acts or practices.

Committee on Professional Ethics and Conduct v. Rogers, 313 N.W.2d 535, 537 (Iowa 1981) (citations omitted). Sanctions are tailored to the facts of each case. Committee on Professional Ethics and Conduct v. Christoffers, 348 N.W.2d 227, 230 (Iowa 1984).

The commission's report noted:

There are mitigating circumstances.... He has made restitution, he has paid the taxes, interest and penalty, and he has performed public service.... His public service on behalf of the disadvantaged has been exemplary. The conduct is unlikely to recur and in all respects [he] seems to be a well-liked and well-respected attorney.

In addition, our order temporarily suspending Borchart noted his cooperation with the commission and this court:

[He has] filed a letter indicating his willingness to cooperate in any and every way possible with any investigation.... Mr. Borchart's attitude indicated this matter could be promptly disposed of by the Grievance Commission....

Borchart made good on his promise to cooperate, and the matter quickly proceeded to this court.

The circumstances mentioned by the commission, together with Borchart's cooperation, bear directly on his fitness to practice law. See Committee on Professional Ethics and Conduct v. Ulstad, 376 N.W.2d 612, 615 (Iowa 1985).

We suspend Borchart's license to practice law in this state for one year from January 9, 1986. Iowa Sup.Ct.R. 118.12. In applying for reinstatement, see Iowa Sup.Ct.R. 118.13, Borchart must establish he has refrained from all facets of the practice of law during the suspension and abstained from alcohol.

LICENSE SUSPENDED.

All Justices concur except SCHULTZ and NEUMAN, JJ., who take no part.