COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

**Robert E. MAHONEY, Respondent.**

No. 86–1705.

Supreme Court of Iowa.

March 18, 1987.

James E. Gritzner and Kasey W. Kincaid of Nyemaster, Goode, McLaughlin, Emery & O'Brien, Des Moines, for complainant.

Eugene Davis, Des Moines, for respondent.

SCHULTZ, Justice.

This attorney disciplinary proceeding arises from an attorney's conduct following a severe reprimand and during an extended probationary period. The report of the grievance commission concluded that the respondent, Robert E. Mahoney, was guilty of the following ethical violations: (1) misrepresenting his retirement from the practice of law and continuing to practice law thereafter; and (2) the practice of law under the name of ConsulCorp. It was the commission's recommendation that respondent's license to practice law be suspended for a period of six months. We find that the respondent is guilty of misconduct and order that his license to practice law be suspended indefinitely with no possibility of reinstatement for six months.

The parties do not dispute the basic facts. In 1978 this court approved a report of severe reprimand of the respondent and ordered that in the event the commission found that the respondent, during a two year probationary period, neglected a legal matter entrusted to him or otherwise violated attorney ethical standards or the laws of the United States, the commission should file its findings for appropriate disposition. On December 24, 1980, a report from the grievance commission concluded that respondent failed to turn over assets from an estate to his successor after being requested to do so. Following a hearing respondent was ordered to pay any loss to the estate and his probation was extended for two years, beginning January 1, 1981, with respondent practicing under the direct supervision of his law partner. It was ordered:

> Respondent shall prepare and file quarterly, a report with the Committee on Professional Ethics and Conduct in which shall be listed the caption, docket number, status, and reason for delay of any matter which has been entrusted to Respondent in which Respondent is delinquent in acting upon.

Again the commission was ordered to file a report if the respondent violated the terms of the order or probation, neglected a legal matter, or violated attorney ethical standards.

The supervision and probation were short lived. Following the order, respondent's law partner did assume supervision and respondent filed his first report and one supplementary report. In his second report respondent advised the committee that he had no matters in delinquent status and also stated:

> Further I wish to inform you that effective July 1, 1981, *I have retired from the general practice of law* and have withdrawn from the firm as of that date. The firm name has been changed to Jordan, Mahoney, Donelson, and Robbins, P.C.

(Emphasis added.) The former law partner discontinued supervision of respondent. No further communication was made by the respondent to the committee or to this court.

Prior to his withdrawal from his seven person law firm, respondent, age fifty-eight, was the senior member and had practiced with the firm for approximately thirty-three years. In his practice he participated primarily in probate, business work, real estate, and some litigation. The problems that led to his reprimand concerned a large number of delinquencies in probate proceedings. After his probation was extended, apparently the partners agreed that he was to retire from the law firm and receive a pension. Under the terms of the pension he was not to compete with the firm in the practice of law; however, he was allowed to perform tax work and labor negotiation work, which he had done in the past. The firm deleted his name from the firm name; however, their letterhead contained a reference to him as retired.

Before his withdrawal from the firm, respondent formed the corporation Consul-Corp. When he left the law office, the corporation rented from a real estate firm a room about a block from his old office. Respondent has his name on the door. From this office respondent does over 400 tax returns, acts as a labor negotiator for the county, and has obtained a real estate license. He acts as an employee of the corporation and is the only nonclerical employee. While a few of the services are performed in his own name, all fees generated are paid to or assigned to the corporation. In addition to the tax work and labor negotiations, respondent has rendered business and investment advice, and has prepared real estate documents, contracts and one will. He also admitted that he appeared in court on one occasion on a pro bono basis. The tax returns are primarily for clients for whom he had worked as an attorney. Respondent has maintained his continuing legal education and the client security fund requirements of this court. Thus, he has maintained his law license in current standing.

In arguing that his conduct was not unethical, respondent challenges the commission's finding of fact leading to its conclusion that he had engaged in unethical conduct. He further claims that there was procedural unfairness and that the recommended discipline is excessive.

I. *Integrity and honesty.* The commission concluded that respondent's conduct in writing the letter to the committee concerning his retirement from the general practice of law, followed by his continued practice thereafter, was a violation of the Iowa Code of Professional Responsibility for Lawyers EC 1-1. This provision declares that the public is entitled to the service of a "lawyer of integrity" and further provides that "[m]aintaining the integrity ... of the bar to meet the highest standards is the ethical responsibility of every lawyer." Disciplinary Rule 1-102(A)(4) prohibits a lawyer from engaging in conduct "involving dishonesty, fraud, deceit, or misrepresentation."

Respondent urges that the commission's finding that the letter misled the court, the committee, or his law partner was not true. He contends he no longer was in the general practice of law; rather, he wanted to slow down into engaging in a limited practice of law. While we agree that he did not mislead his partner, who was supervising his probation, to any great extent, we cannot accept respondent's conclusion that he no longer was in the practice of law and did not attempt to mislead the commission, which was acting for this court in monitoring the quarterly reports.

Respondent did not terminate his status as a practicing lawyer when he changed offices. Doing tax preparation and labor negotiation is not necessarily the practice of law and properly may be done by nonlawyers. When these tasks are done by a licensed lawyer, however, they constitute the practice of law. In *Committee on Professional Ethics & Conduct v. Toomey*, 236 N.W.2d 39 (Iowa 1975), we delineated activities that are considered to be the practice of law and in which a suspended lawyer may not engage as:

> including but not limited to the examination of abstracts, consummation of real estate transactions, preparation of deeds, buy and sell agreements, contracts, wills

and tax returns as well as any court appearance or counseling clients with regard to the same.

*Id.* at 40. Our supreme court rules applicable to the client security trust fund and continuing legal education also define the practice of law in terms similar to those found in *Toomey.* Iowa Sup.Ct.R. 121.-3(i)(4). *See also* Iowa Sup.Ct.R. 123.7 (defining inactive practitioner as one not engaged in the practice of law as defined in rule 121.3(i)(4)). While respondent obviously limited his practice, he remained an active practitioner.

■ The order of this court in December of 1980, continuing respondent's probation and requiring supervision, specifically provided that respondent prepare and file quarterly a report listing *"any matter ...* in which respondent is delinquent in acting upon."* Although the disciplinary action taken against respondent arose from his probate. delinquencies, this order was not limited to probate matters. Respondent by removing himself from his law firm and by agreeing to limit his activities to tax preparation and labor negotiation did not avoid this order. Limiting his practice to certain fields did not remove him from the practice of law.

Respondent's letter to the commission suggesting that he was no longer involved in the general practice of law was misleading. Respondent's obvious purpose in sending this letter was to avoid filing further quarterly reports. Respondent suggests that he believed further reports were unnecessary, as he understood his reports were confined to probate matters or court files because of his history of being delinquent on probate matters. Respondent provides his own subjective interpretation of the order in claiming that he did not intend to circumvent or frustrate our order. He underestimates a lawyer's responsibility in complying with DR 1–102(A)(4).

■ Lawyers must conduct themselves with honesty and truthfulness and should avoid statements that are calculated to mislead. *Committee on Professional Ethics & Conduct v. Shifley,* 390 N.W.2d 133, 134 (Iowa 1986) (citing *Committee on Professional Ethics & Conduct v. Hurd,* 325 N.W.2d 386, 390 (Iowa 1982)). Attorneys have a special responsibility to protect the integrity of the judicial process. *Committee on Professional Ethics & Conduct v. Hurd,* 360 N.W.2d 96, 104 (Iowa 1984). A disciplinary proceeding resulting in a sanction of a period of probation certainly falls within the judicial function of the court.

In protecting the judicial process, we impose upon attorneys a high standard of care in understanding the conduct required of them because of the unique and learned nature of the legal profession. *Committee on Professional Ethics & Conduct v. Durham,* 279 N.W.2d 280, 284 (Iowa 1979). Consequently, because the order of our court clearly called for the filing of quarterly reports, we agree with the commission that respondent's letter announcing his retirement and his continued practice thereafter violated the disciplinary rule against engaging in dishonesty or misrepresentation.

Additionally, respondent's subsequent conduct was inconsistent with the letter. Even assuming that respondent had a misunderstanding concerning his handling of tax returns and labor negotiations, he does not and could not claim that drafting contracts, deeds, a will, and an appearance in court is not the general practice of law. While these activities were done on a limited basis, this does not excuse respondent's failure to notify the committee that his letter to them was inaccurate and misleading.

II. *Corporate name.* A lawyer is prohibited from practicing law under a trade name that is misleading as to the identity of the lawyer. DR 2–102(B). We adopt the finding of fact of the commission as follows:

> The record shows that all income received by the Respondent was paid through the corporation and the corporation's name appeared on certain documents prepared by the Respondent and the Respondent's name would appear on certain other documents with the net re-

sult being a confusing situation. The Respondent himself stated that it was hard to tell if he was the corporation or an employee. Even the name Consul-Corp is somewhat misleading and in a city the size of Boone, an attorney as prominent as the Respondent would very easily create confusion among the public as to whether or not this corporation was providing legal services.

■ We conclude as did the commission that respondent was practicing law under a trade name that is misleading to the public.

■ III. *Procedural unfairness.* The respondent maintains that he went to a hearing not knowing what facts were alleged to constitute violations and why. He had submitted an interrogatory asking the committee to set out in detail the facts and theories on which it based its contentions. The commission objected and pointed out that the facts underlying the claimed violation had been detailed in the complaint and that specific sections and subsections of the code were alleged to have been violated and spoke for themselves.

Disciplinary complaints filed under Iowa Supreme Court Rule 118.1 "shall be sufficiently clear and specific in their charges to reasonably inform the attorney against whom the complaint is made of the conduct he or she is alleged to have committed." Iowa Sup.Ct.R. 118.5. We have previously indicated that in a disciplinary proceeding, procedural due process requires fair notice of the charge. *Committee on Professional Ethics & Conduct v. Hurd,* 325 N.W.2d 386, 388 (Iowa 1982) (citing *In re Ruffalo,* 390 U.S. 544, 551–52, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117, 122–23 (1968)). Respondent answered the petition and did not seek to compel further discovery. Our review of the pleadings indicates that the ultimate facts were set out in the complaint and there was no unfairness in the procedures employed. Respondent's failure to attack the pleadings and the answer to the interrogatory did not allow the commission the opportunity to correct any procedural due process problems. Consequently we conclude there was no deprivation of due pro-

cess and further find that error was not preserved.

■ IV. *Recommended discipline is excessive.* Respondent urges that a six month suspension is not reasonable, necessary or appropriate. We have considered the fact that respondent has been severely reprimanded in the past. We conclude that the recommendations of the commission are justified. We therefore suspend respondent's license to practice law in the courts of this state indefinitely, with no possibility of reinstatement for six months. This suspension applies to all facets of the practice of law. Upon any application for reinstatement respondent's proof shall include a clear showing he has not practiced law during the suspension period. *See* Iowa Sup.Ct.R. 118.13.

LICENSE SUSPENDED.

All Justices concur except HARRIS, J., who takes no part.