The **COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION,** Complainant,

v.

**Bruce G. THOMAS, Respondent.**

No. 92–1716.

Supreme Court of Iowa.

Feb. 17, 1993.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Paul J. Yaneff of Yaneff & Cosgrove, Sioux City, for respondent.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

LAVORATO, Justice.

In this attorney disciplinary proceeding, the Grievance Commission recommended that Bruce G. Thomas be reprimanded and be supervised by his attorney for eighteen months. The commission recommended this sanction because of the way Thomas handled a personal injury suit in the district court and on appeal, and because he failed to respond to inquiries from the Committee on Professional Ethics and Conduct. The commission found that Thomas violated Iowa Code of Professional Responsibility for Lawyer's DR 6–101(A)(3) (lawyer shall not neglect legal matter); DR 1–102(A)(1) (violation of a disciplinary rule); EC 6–1 (lawyer should act with competence and proper care in representing clients); EC 6–4 (lawyer should prepare adequately for and give appropriate attention to legal work entrusted to lawyer); and EC 1–4 (lawyer should assist the committee).

We agree with the commission's findings and adopt the commission's recommendation of a reprimand. We do not adopt the commission's recommendation that Thomas be supervised.

Thomas is a resident of South Sioux City, Nebraska. He is licensed to practice law in Nebraska and Iowa. He has been practicing law in Iowa since 1976, and his law office is located in Woodbury County.

Thomas has a general practice. At the time of the events leading to these proceedings, he focused on juvenile court work, personal injury cases, probate, and general business.

In February 1989 Dennis L. Ruchti contacted Thomas about a potential personal injury claim. Ruchti had been injured in the course of his employment on July 8, 1988, when a truck he was riding in rolled over. Ruchti sought Thomas' advice about pursuing a tort claim against the driver and the owner of the truck.

During the initial interview with Ruchti, Thomas learned that (1) Ruchti was receiving workers' compensation benefits because of the injuries he suffered in the accident, (2) the workers' compensation carrier would have to be reimbursed out of any recovery by Ruchti in the tort suit, and (3) the likelihood of Ruchti prevailing in the tort suit was fraught with problems. The problems included: (1) prior injuries to Ruchti, (2) Ruchti's checkered employment history, (3) a tenuous link between Ruchti's pain and the accident, and (4) Ruchti's comparative negligence in the accident.

Over time it became apparent to Thomas that the chances of recovering substantially more than the workers' compensation subrogation claim for $35,000 were slim. In addition to the above mentioned problems with the case, medical testimony to establish that Ruchti had sustained serious permanent injuries was not forthcoming. Nevertheless, Thomas filed a petition on July 9, 1990, on behalf of Ruchti, requesting damages against David W. Mesenbrink and Frank Seitzinger Farms, Inc., the driver and owner of the truck.

On January 16, 1991, Seitzinger moved for summary judgment. On May 9 the district court overruled the motion. The court was persuaded that the facts alleged by Seitzinger in support of the motion failed to establish a prima facie defense. The court also noted, however, that (1) Ruchti's affidavit in resistance to the motion was untimely, and (2) Thomas' neglect in regard to this was extreme and inexcusable.

On June 6 both defendants moved to compel the production of certain documents requested in a discovery motion that had been filed six months before. The district court sustained this motion and ordered Ruchti to respond before July 1, 1991.

Thomas did not comply with this order. He began contacting sources for the documents on July 2—one day after the compliance deadline.

The defendants then filed a motion for sanctions. On August 5 the district court dismissed Ruchti's petition with prejudice. In the dismissal order the court noted that Thomas' conduct in the case was inexcusable and that it evidenced a deliberate disregard of the court's order compelling discovery.

On September 5 Thomas filed a notice of appeal. Thomas failed to comply with appellate deadlines, prompting the defendants to move to dismiss the appeal. Thomas did not resist the motion. On October 30 we ordered the appeal dismissed. At the disciplinary hearing Thomas testified that he and Ruchti had decided that it was not worthwhile to prosecute the appeal. So, he further testified, they deliberately failed to comply with the appellate deadlines, knowing the supreme court would dismiss the appeal.

On November 8 and December 17, the Committee on Professional Ethics and Conduct sent Thomas a notice of complaint about his neglect of Ruchti's case. *See* Committee on Professional Ethics & Conduct Rules 3.2, 3.3. At the disciplinary hearing Thomas admitted receiving the notices and admitted he never responded to either notice.

Later, the committee filed a formal compliant against Thomas, alleging unethical conduct in handling Ruchti's case and in failing to respond to the committee's notices of complaint. *See* Committee on Professional Ethics & Conduct Rule 3.3. Following a disciplinary hearing, the Grievance Commission recommended the reprimand and attorney supervision. Thomas has not appealed from the commission's report to this court. *See* Iowa Sup.Ct.R. 118.11.

Our review is de novo. *See* Iowa Sup. Ct.R. 118.10.

■ The record is uncontroverted that Thomas' failure to comply with the court order resulted in the dismissal of Ruchti's case. The record is also uncontroverted that Thomas deliberately failed to comply with appellate deadlines so that the appeal would be dismissed.

We see a central theme in Thomas' testimony and in his counsel's argument before the commission. The theme is that the case was so weak that Thomas did his client a favor by not pursuing it. In the parlance of litigators, it was a "dog" of a case. Ruchti apparently agrees with this assessment because he filed an affidavit in which he implores the commission to "drop[ ] the matter." Ruchti acknowledges that Thomas had explained to him all the problems with the case and that he has no problem with the way Thomas handled the case.

Thomas, his counsel, and his client may very well be right about the merits of the case. However, our concern is not with how weak the case was. Our concern is with the way Thomas went about handling the matter. He should have been straightforward, advised the client of his evaluation, and dismissed the case. Or, perhaps, he should not have filed the case in the first place.

Instead, Thomas procrastinated and violated a district court order. In the process, he wasted valuable judicial resources and caused unnecessary inconvenience and cost to his opposition.

Thomas compounded-the mischief when he appealed Ruchti's case. By his own admission, Thomas deliberately let Ruchti's case die in the appellate process. In doing so, he abused our appellate rules, and again wasted valuable judicial resources and caused unnecessary inconvenience and cost to his opposition.

These actions can scarcely be characterized as careful, proper, and competent conduct in handling a legal matter. Like the commission, we conclude Thomas violated DR 6–101(A)(3); DR 1–102(A)(1); EC 6–1; and EC 6–4.

Thomas admittedly failed to respond to the committee's inquiries about the way he handled the case in the district court and on appeal. He ignored both notices of com-

plaint from the committee. In his own words he was "in shock." As to his failure to respond to the second notice from the committee, Thomas testified:

> My recollection is that the second letter gives you a ten-day period to contact [the committee]. That goes by, and now I think, gee, I'm past my ten days. I'm sunk. Why even do it now? I mean, it altered my judgment so much right then that, you know, I just thought, gee, I'm passed my ten-day deadline. I'll just hope it goes away. Until something like that, you know—I understand now, when I read that in the cases, the ethics cases in the advance sheets—It's so embarrassing....

 We have no doubt that a notice of complaint from the committee is an embarrassing, humiliating, and numbing experience for lawyers. However, all lawyers are under a continuing obligation to cooperate fully with the committee investigating allegations of unethical behavior. Failure to do so is a separate ethical violation. *See Committee on Professional Ethics & Conduct v. Gardalen,* 414 N.W.2d 124, 128–29 (Iowa 1987). We conclude Thomas' conduct in frustrating the committee's efforts to investigate violated EC 1–4. *See id.*

The record reveals that, until the initiation of the current grievance proceeding, Thomas enjoyed a good reputation as a lawyer. He contributes to his community by participating in a foundation that grants the wishes of terminally ill children. He also does a substantial amount of pro bono work.

There is nothing in the record to suggest that Thomas' conduct in handling Ruchti's case was consistent with his normal practice. *See Committee on Professional Ethics & Conduct v. Rauch,* 417 N.W.2d 459, 460 (Iowa 1988) (attorney's mishandling of case was an isolated incident inconsistent with his normal practice; this factor was important consideration for reprimand sanction). Nor is Thomas' client complaining about the way Thomas handled the case. In these circumstances we think a reprimand only is appropriate. We therefore reprimand Thomas for the violations described.

Unlike the commission, we think supervision would be inappropriate here. For one thing, neither the court nor the bar has effective machinery for such supervision. *See, e.g., Committee on Professional Ethics & Conduct v. Mahoney,* 402 N.W.2d 434, 435 (Iowa 1987) (lawyer was reprimanded and placed under supervision of his law partner; lawyer later withdrew from firm following which former partner discontinued supervision and lawyer again engaged in unethical conduct). For another, Thomas is an experienced litigator. The case was not dismissed because he was incompetent; it was dismissed because he purposely failed to prosecute it. Supervision in these circumstances would accomplish no useful purpose.

The costs of this action are assessed against Thomas in accordance with Iowa Supreme Court Rule 118.22.

ATTORNEY REPRIMANDED.